C. P. Jones *et al.*

*v.*

Elizabeth Gilbert.

*Filed at Springfield November 1, 1890.*

135  27
162  184
53a  297

135  27
166  511

135  27
170  124

135  27
211  1321

14 LRA 541n

1. Homestead—dower—*removing prior incumbrance—mutuality of obligation—as between widow and heir.* The discharge of a mortgage on land occupied by a widow as a homestead being necessary to the preservation of the estate of homestead as well as the interest of the heir of the mortgagor, therefore, when the mortgage is paid, whether by the widow and dowress or by the heir entitled to the reversion, the widow must contribute her ratable share of the debt, and if she is compelled to pay such mortgage, a court of equity will require the heir to contribute ratably, and give the widow a lien on the interest of the heir for his share of the burden.

2. Same—*homestead and dower—relatively considered—dower subordinate to homestead.* The homestead estate of a widow must contribute toward her dower in her deceased husband's lands. She can not, however, take the homestead and also have the equivalent of one-third of the entire estate assigned her as dower out of the residue, but is endowable only of one-third of the residue after deducting the homestead.

3. That part of the widow's dower which is represented in the homestead is not assigned to her, but is in abeyance until the homestead estate is extinguished, and when that occurs the right of action for dower revives.

4. A widow may not take the whole estate of homestead, and charge the residue of the estate with her dower in the homestead. But by accepting homestead she does not thereby relinquish her right of dower therein. The dower right can not, however, be asserted while the homestead estate continues either in the widow or in the children upon whom it may be devolved.

5. On bill by a widow for the assignment of dower and homestead in land of less value than $1000, the decree may properly find that she has dower subject to the homestead. But in such case no assignment of the dower could be of any avail during the continuance of the homestead, and no right can be asserted by the widow in derogation of that estate while it exists, as against minor children of the deceased husband.

6. Marriage—*legality—presumption.* Where a marriage in fact is shown, the law raises a strong presumption in favor of its legality, and the burden is cast upon the party questioning its validity to prove such facts and circumstances as will establish its invalidity.

7. Witnesses—*competency—widow against heirs.* On bill by one as the widow of a deceased person, for the assignment of her homestead and dower in the land of her alleged deceased husband, the heirs produced a witness who testified to his marriage with her, and that no divorce was ever had, and to an interview with her after her subsequent marriage: *Held,* that the widow was a competent witness to testify in respect to the alleged interview, by showing it never occurred, and that she never saw such witness before.

Appeal from the Circuit Court of Calhoun county; the Hon. Cyrus Epler, Judge, presiding.

This was a bill by Elizabeth Gilbert, for the assignment of homestead and dower in the lands of which John W. Jones died seized. The bill alleges that said Jones died July 8, 1883, leaving the complainant (since intermarried with one Gilbert) as his widow; that he died seized of certain premises, describing them, which were the homestead of said Jones at the time of his death, and that since the same has been occupied by complainant and the children, issue of her marriage with Jones, deceased. The bill makes Comodore P. Jones and Hiram H. Jones, children of said John W. Jones by a former marriage, and Nancy C. Clendening, James V. Jones and Huldah Underwood, children of said decedent and complainant, parties defendant. By amendment, the bill was made to allege that after the decease of the husband the complainant paid off and discharged a mortgage upon said premises from her own means, and asking that a lien on the premises be declared in her favor therefor. The said Nancy C., James V. and Huldah, defendants, were defaulted, and the original bill was taken as confessed as to them. The defendants Comodore P. and Hiram H. Jones filed their answer, admitting the death of said John W. Jones, and that he died intestate, seized of the premises described, but deny that the complainant is the widow of said John W. Jones, deceased, or that the other defendants than themselves were heirs-at-law of said decedent, or have any interest in the lands in question, and file a cross-bill, seeking

partition between themselves of the same. Answers were filed to the cross-bill, and replications being filed, the cause was heard, resulting in a decree dismissing the cross-bill, and de-creeing to the complainant in the original bill homestead and dower, and establishing a lien in her favor for $64, on account of moneys by her advanced to redeem said premises from a valid and subsisting lien for the purchase price thereof, incurred in the lifetime of said decedent, in the purchase of the same. Complainants in the cross-bill prosecute this appeal.

Mr. T. J. SELBY, and Mr. E. A. PINERO, for the appellants :

The marriage certificate of George W. Kuhns and Elizabeth Jones should have been admitted in evidence. The law at that time required a registration, only, of the marriage to be entered. Gross' Stat. 1869, p. 437, sec. 6.

The marriage of a man and woman where one of them has a husband or wife by a prior marriage, who is then living and undivorced, is void, and is good for no legal purpose. *Cartwright* v. *McGown,* 121 Ill. 395.

The presumption as to capacity to marry, prior marriage being proven. *Cartwright* v. *McGown,* 121 Ill. 406.

In *Johnson* v. *Johnson,* 114 Ill. 615, the evidence was not similar to that in the case at bar.

*Coal Run Coal Co.* v. *Jones,* 127 Ill. 385, is unlike the case at bar, because Kuhns swears that neither he nor his former wife, Elizabeth Jones, (now Gilbert,) ever obtained a divorce. This evidence is not disputed. The presumption that either one might have obtained a divorce in the interval between the marriages can not exist in this case, according to the evidence.

Identity in name is *prima facie* evidence of identity of person, and is sufficient proof of the fact, in the absence of evidence to the contrary. *Wilson* v. *Holt,* 3 Am. State Rep. 768 ; Wharton on Evidence, sec. 701.

The decree vests Mrs. Gilbert with an estate of homestead in all of said lands, amounting to the whole of said lands, and

then appoints commissioners to allot dower in the same, in addition. We think this error. 1 Starr & Curtis' Stat. sec. 37, p. 908.

The decree establishes a lien on said homestead for $16, to exist until the expiration of the estate of homestead. There is no evidence for this, only the statement of Foils that she gave him $50 to pay off the mortgage. Starr & Curtis, 1097, secs. 1, 2.

The decree finds a lien in favor of Mrs. Gilbert for $64, with interest from date, on account of her having paid a mortgage. There is no evidence for this.

Mr. J. S. Carr, for the appellee:

Where satisfactory proof has been made of an actual marriage, and that marriage is sought to be invalidated by proof of an alleged prior marriage, the presumption of law is strongly in favor of the innocence of the party so accused. The burden of proof rests on the party alleging such prior impediment. *Johnson* v. *Johnson,* 114 Ill. 618; *Coal Co.* v. *Jones,* 127 id. 386; *Harris* v. *Harris,* 8 Bradw. 57.

Where a widow pays off a mortgage lien existing on the lands of her husband at the time of his death, she is entitled to be subrogated to the rights of the holder of the lien. *Stinson* v. *Anderson,* 96 Ill. 373.

Mr. Justice Shope delivered the opinion of the Court:

The principal question presented by this record is one of fact, and is, whether there was a lawful marriage between the complainant in the original bill and the decedent, John W. Jones. That a marriage was solemnized between them, in due form of law, September 22, 1863, is clearly and satisfactorily shown. The solemnization of the marriage was followed by their living together as husband and wife, in the same community, until the death of the husband, substantially

twenty years later. During that time they recognized each other as husband and wife, and were so recognized by all their neighbors. There were born, issue of such marriage, three children, viz., Nancy C., James V. and Huldah, who were made defendants to the original bill, with appellants, who were children of said John W. Jones by a former wife. It is contended however, that the marriage of complainant with the decedent was illegal, for the reason that she, at the time of its solemnization, had a lawful husband living, from whom she had not been divorced.

When a marriage in fact is shown, the law raises a strong presumption in favor of its legality, and the burden is cast upon the party objecting to its validity, to prove such facts and circumstances as establish its invalidity. (Bishop on Marriage and Divorce, secs. 457, 458; *Johnson* v. *Johnson*, 114 Ill. 611.) Moreover, the effect of sustaining the cross-bill of appellants would be to illegitimatize the fruits of the marriage of complainant and John W. Jones, and, by bastardizing complainant's children, deny their right to participate in the estate of which the said Jones died seized. (See *Orthwein* v. *Thomas*, 127 Ill. 554.) But it will be unnecessary to extend this opinion by a discussion of that rule, for upon the facts shown we are of opinion that appellants have failed to establish the invalidity of the marriage.

To show that the marriage was invalid, the complainants in the cross-bill introduced one George W. Kuhns, who testified that he was married to Elizabeth Jones, in Pike county, Illinois, in October, A. D. 1862, something less than a year prior to complainant's marriage with John W. Jones; that they lived together a week and three days, when she stole what he had and left him. After she left he made no inquiries about her, but some twenty-four years afterward went with one of appellants to see her, and identified her as his former wife. About three years after she deserted him, he, without being divorced, married again, and is still living with the woman

he then married.　He had not seen her in the interval.　He saw her, if at all, only a moment, as he says, at the time he was taken into her presence by appellant.　There is much in the testimony of this witness tending to stamp it as unreliable. Conceding it to be true that he married Elizabeth Jones in 1862, in Pike county, Illinois, as he claims, and as claimed is shown by the records of that county, still, there is no sufficient identification of the complainant as being the same person. She was a competent witness to testify in respect of the alleged interview testified to by Kuhns, and she denies ever having seen him at any time or anywhere, or that she ever knew him or knew anything about him.　The chancellor was fully justified in holding that the evidence was insufficient to establish the invalidity of the marriage of complainant with said John W. Jones, and in decreeing that the complainant in the original bill was entitled to dower and homestead, and dismissing the cross-bill of appellants.

We are of opinion, however, that the court erred in establishing a lien in favor of complainant in the original bill for the entire amount paid by her to release the homestead premises from the lien of the mortgage to Lumley.　The extinguishment of the lien was necessary for the preservation of the estate, and her interest of homestead and dower should be required to contribute to its discharge.　(*Selb* v. *Montague,* 102 Ill. 446 ; *Montague* v. *Selb,* 106 id. 49, and 14 Bradw. 574.) The husband, in his lifetime, had created the lien to which the estate, including the right of homestead, was subject, as we understand the record, and if the heir discharged it, the homestead interest would have been required, under the rulings of this court, to contribute ratably ; and its discharge being necessary to the preservation of the interest of the heir, as well as of the right of homestead, when the life tenant discharges the lien the heir will be required to contribute his ratable proportion of the expense incurred.　This rule is in the highest degree equitable, and should have been adopted.

No reason can be perceived why the duty of contributing should not be mutual and reciprocal, and it can not logically be said, that when the heir extinguishes the lien the life tenant must contribute, and that when she pays off the incumbrance she may recover the entire sum paid. The point does not seem to have been made or decided in *Stinson et al.* v. *Anderson et al.* 96 Ill. 373, relied upon by counsel. No objection is observable in making the ratable share to be borne by the heir a lien on his reversionary interest.

A somewhat more difficult question is presented by the assignment of error that the court erred in assigning dower. The entire estate was comprised within the homestead, and was of the value of $650, only. The whole of the property was decreed to be the homestead of the complainant, and the court also found she was entitled to dower therein, and appointed commissioners to admeasure the same. The question is therefore squarely presented, whether she may have homestead and dower in the same premises, when the total value is less than $1000. The estate of homestead in a widow in the lands of which her husband died seized is a conditional life estate, subject to the joint right of occupancy of the children of the deceased husband, during the minority of the youngest thereof. The estate is upon condition that it shall not be voluntarily surrendered or abandoned. She may abandon the homestead at will, and the estate is thereby extinguished, or she may continue to occupy and enjoy it. If the abandonment occurred at once upon the death of the husband, and before the homestead had been set off, no one would doubt that the widow would have dower in the lands of which the homestead had been comprised. The only effect of the action of the court, manifestly, is, to ascertain the value, and determine, by metes and bounds, her estate of homestead in the land of her deceased husband. The estate is measured and defined by the value alone, and to the extent of the value fixed by the law the estate devolves upon the widow and children,

by operation of law, *eo instanti* upon the death of the husband.   If she may take dower at one time, why may she not at another?   She can, as we have seen, abandon the estate at will, and if, subsequently to her homestead being set off, she, for any reason she may deem wise, elects to abandon her homestead, may she not assert dower?   We have repeatedly held that the homestead estate must contribute to the dower,—that is, that the widow, in cases like the one at bar, and where there have been lands other than those comprised within the homestead, can not take the homestead and have the equivalent of one-third of the entire estate assigned her as dower out of the residue, but is endowable of one-third of the residue, after deducting the homestead, only.   It follows, therefore, that in such case so much of the widow's dower as is represented in the homestead is not assigned her, but is in abeyance until the homestead estate is extinguished, and when that occurs the right of action revives.   She may not take the whole estate of homestead, and charge the residue of the estate with her dower in the homestead, but we are aware of no rule of law requiring us to hold, that by accepting the homestead she thereby relinquishes her right of dower therein.   It is true it can not be asserted whilst the homestead estate continues, either in herself or the children upon whom it has devolved; but the running together of the two estates is not incompatible, so that there is a merger of the dower in the homestead estate, or so that it may not be asserted upon the extinguishment of the dominant estate of homestead.

Nor is the holding in *Merritt* v. *Merritt,* 97 Ill. 243, at all inconsistent with this view.   There, as in other cases holding the same doctrine, there was, by consent, a sale of the entire estate, and the question arose upon distribution of the proceeds; and the court held, (as we think, properly,) that the widow, having been given the value of her life estate in the land comprising the homestead, was not entitled to receive a sum in lieu of dower in the same land.   She could not enjoy

two life estates in the same premises, and if allowed for the value of her life estate in the whole, could not recover for her life interest for one-third of the same land. Manifestly this was correct, for her homestead estate was treated as continuing for life, and she received a sum equal to its present value, and she could not be entitled to receive compensation for the one-third, as representing her dower in the land, for which she had been allowed the value of her life estate in the whole land.

We are of opinion that complainant had right of dower in the premises, which must necessarily be subservient to the homestead estate while it continues, and which, upon its extinguishment, she might rightfully assert.

We can see no objection to the decree finding that the widow has dower, subject to the homestead. Any assignment of it could be of no avail during the continuance of the homestead, and no right could be asserted by the widow in derogation of that estate, while it exists, as against the minor children of the decedent. We are of opinion that the decree finding that she was endowable of the one-third of the premises was not erroneous. In all subsequent proceedings, if any attempted assignment of dower should be made, it must be in subordination to the homestead estate.

So much of the decree of the circuit court as finds and declares a lien upon the reversion for the sum advanced by the complainant in the original bill in clearing off said incumbrance, is reversed, and the cause remanded, with the right to either party to take further proof in respect thereof. In all other respects the decree is affirmed; and it is ordered that the parties pay the costs by them respectively made in this court.

*Decree reversed in part and in part affirmed.*