## Vera J. Boue and Eva M. Boue, by Their Next Friend, T. N. Boue, vs. Susan Kelsey.

1. LIFE ESTATES—*Payment of Mortgages by Holder.*—Where a party holding a life estate in lands devised, pays off a mortgage executed by the testator in his life in order to save the lands to himself and the owners of the reversion, a court of equity has full power to compel the owner of the reversion to pay a proportionate share of the amount so expended.

2. SAME—*Personal Estate a Primary Fund for the Payment of Debts.*—The personal estate is the primary fund for the payment of debts against an estate, and so long as that is sufficient, a life tenant can not charge a debt upon the land which the reversioner holds in fee.

3. ADMINISTRATION OF ESTATES—*Laches in Presenting Claims.*—When a person (an heir) has a claim against an estate and desires its payment out of the assets of the estate, it is his duty to present the claim to the County Court and establish its validity by proper proofs: having failed to do this he should be estopped from asserting it for the first time fourteen years afterward against the rights of minor grandchildren.

**Memorandum.**—Bill in chancery to compel the reversioner to contribute toward the payment of a mortgage. Error to the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

### STATEMENT OF THE CASE.

On the 23d of October, 1878, Barnabas Kelsey died in Ogle county, Illinois, testate, leaving Susan Kelsey, his wife, and Emma Boue, his daughter, as his only heirs at law. By his will he bequeathed to his daughter $400 in money and the residue of his estate to his widow for life, and at her death what remained to his daughter absolutely.

Letters testamentary were granted to the widow, who administered the estate, paid the legacy of $400 and all claims probated, and in September, 1881, exhibited to the Probate Court of Ogle County her final report, showing full settlement of the estate. The final report, was not approved or acted upon by the court. The personal estate, consisting of money, notes, accounts and stock of goods, was inventoried and valued at $3,231.03.

There was paid out on legacy, debts and widow's award, the sum of $1,800. The real estate consisted of three pieces, two situated in Ogle county, and one in the city of Elgin, Kane county. The property in Elgin was incumbered by a mortgage to secure a note for $800 given to one William S. Balch, dated July 26, 1875. On the 18th of February, 1879, the widow paid off the note and mortgage, amounting to $844.89, and subsequently filed a bill in the Circuit Court of Kane County, to compel the daughter to pay a proportionate share of the money so paid to discharge the mortgage lien.

Pending the suit the daughter died, December, 1887, leaving T. N. Boue, her husband, and Vera J. and Eva M. Boue, her minor daughters, her only heirs at law. The husband answered for himself, and for the minors as next friend. On a hearing the court decreed that the minors should contribute as a proportionate share to the mortgage discharged, $651.50, and required that sum and the costs to be paid by them within thirty days. The decree provided that in default of payment the premises should be sold by the master in chancery.

BOTSFORD & WAYNE, attorneys for plaintiff in error.

J. W. RANSTEAD, attorney for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is a bill in chancery by the holder of a life estate to compel the owners of the reversionary interest to contribute

to the payment of a mortgage upon the lands devised which was executed by the testator prior to the execution of his will.

Upon the hearing the court found that the complainant discharged the mortgage lien out of her own means, and decreed the payment of $651.60, by the owners of the reversionary fee as a proportionate share due from them to the complainant.

Where a party holding a life estate in lands devised, pays off a mortgage executed by the testator in his life, in order to save the lands to himself and the owners of the reversion, a court of equity has full power to compel the owner of the reversion to pay a proportionate share of the amount so expended. Jones et al. v. Gilbert, 135 Ill. 27.

In this case the complainant was executrix of the will of her deceased husband, and as such administered upon the estate. If the personal estate was sufficient to pay the legacy, the widow's award, the probated debt and the mortgage note in question, there was no ground for equitable relief. The personal estate is the primary fund for the payment of debts against an estate, and so long as that is sufficient, a life tenant can not charge a debt upon the land which the reversioner holds in fee. Clinefelter v. Ayers, 16 Ill. 329; Sutherland v. Harrison, 86 Ill. 364.

It devolves upon the complainant to show, affirmatively, that the personal assets were insufficient. By the final report filed by her in the County Court, but not acted upon, she admitted that she had in her hands, after the payment of the legacy and all probated claims, $492.37. There were certain notes inventoried as good, but not accounted for, which, if collected, were, with the sum so reported, more than sufficient to pay off the mortgage debt to Balch.

It is contended, however, that the deceased, at the time of his death, was indebted to the complainant in the sum of $1,000, which should be taken into account in determining whether there was a sufficiency of personal assets to pay the indebtedness.

To this contention it is a sufficient answer that no such

claim was ever allowed against the estate. If the deceased really owed complainant $1,000, and she desired its payment out of the assets of the estate, it was her duty to present her claim to the County Court and establish its validity by proper proofs; having failed to do this, she should be held estopped from asserting it for the first time, fourteen years afterward, against the rights of these minor grandchildren.

The finding and decree of the Circuit Court are erroneous. The decree will be reversed and the cause remanded with permission to the parties to make further proofs.