(78 South. 388)

## McLAUGHLIN v. McLAUGHLIN.
### (6 Div. 682.)

(Supreme Court of Alabama.    Feb. 7, 1918.
Rehearing Denied April 4, 1918.)

1. MARRIAGE ☞40(5) — ANNULMENT — PRESUMPTIONS AS TO VALIDITY.
    Where married woman prior to a decree of divorce went into another state and married, thinking the marriage valid, the second marriage would be considered good, notwithstanding prohibition against marrying again without leave of court, if cohabitation continued after divorce down to date, but where she subsequently separated from her second husband and again married, the last marriage must be presumed valid and the second adulterous.

2. TRIAL ☞368 — AGREED STATEMENT OF FACTS—ISSUES.
    Although bill to annul marriage alleged fraud, the element of fraud could not be considered, where an agreed statement of facts omitted mention of the fraudulent acts.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by J. T. McLaughlin against Annie McLaughlin to annul a marriage. Decree for defendant, and plaintiff appeals. Affirmed.

---

R. J. McClure, of Birmingham, for appellant. William A. Jacobs, of Birmingham, for appellee.

SAYRE, J. By his bill in this cause appellant sought a decree annulling a marriage between himself and appellee which had been solemnized in 1914. Before that, in 1904, the parties had intermarried, but in 1908 appellant obtained a decree of divorce from appellee; and in this cause appellant sought relief from the bonds of his second marriage on the ground that at that time appellee had a lawful husband, other than appellant, with whom she had intermarried subsequently to the divorce aforementioned. Appellant's bill makes no charge of misconduct against appellee subsequent to the last marriage between them, nor does it aver any other statutory ground of divorce. Appellant claimed relief of the character and on the sole ground mentioned above.

The agreed statement of facts shows that: "In the month of March, 1907, respondent [appellee] went to Georgia with a man by the name of Moore, and about the 25th of March, 1907, without having been divorced from the said J. T. McLaughlin [appellant] was led to believe by the said Moore that if they went into another state and married the marriage would be legal without a divorce, and, being under that belief, she went with the said Moore into the state of Georgia and was, as she thought, on said 25th day of March, 1907, legally married to the said Moore, * * * and they thereafter lived together under said marriage in the state of ·Georgia for two or three years. They then moved into Alabama, and so lived together until the year 1913, when they separated, no divorce being granted the respondent; that complainant [we assume that the agreement here refers to Moore, though he is not a party to this cause] and respondent were known as husband and wife both in the state of Georgia and in the state of Alabama, and two children were born to them while they were living together under said marriage who were called by the name of Moore."

It may be noted that this agreement is hardly the equivalent of an agreement that there was anything like a ceremonial marriage between appellee and Moore; but, conceding that such was the case, the connection thus established between them was nevertheless adulterous and unlawful, nor will the inexorable policy of the law permit it to be considered in any other light. Eldridge v. State, 126 Ala. 63, 28 South. 580.

[1] Further, it may be conceded that if appellee intended, bona fide, to become the lawful wife of Moore and had persisted in that intention and in that apparent relation after appellant procured his decree of divorce and down to the present time, she would now be held to be his wife; the prohibition against her marrying again without leave of the court having no effect beyond the borders of this state. Prince v. Edwards, 175 Ala. 532, 57 South. 714. But the presumption is in favor of the validity of the last marriage. 26 Cyc. 877–880. Intention is an essential element of the marital relation, and, on the facts shown by the agreement of the parties—evidential facts—appellee's intention in respect of her relation with Moore rests in inference. Whatever the inference may have been, and however persuasive otherwise may have been the facts, had not appellee contracted her second marriage with appellant, the fact of such second marriage must suffice to exclude the possibility of a finding that at any time she intended, bona fide, to become the lawful wife of Moore. By her second marriage with appellant appellee destroyed the evidential value of her previous relation with Moore. "The weight of authority, and the decisions of this court, support the proposition that the presumption of an actual marriage from the fact of continued cohabitation, etc., is rebutted by the fact of a subsequent permanent separation, without apparent cause, and the actual marriage soon after of one of the parties." Moore v. Heineke, 119 Ala. 627, 24 South. 374.

[2] Appellant averred in his bill that prior to the time of his second marriage with appellee he was informed by her that she had obtained a divorce from Moore, thereby clearly conceding his knowledge in some sort of appellee's relations with Moore, but intending, we presume, to charge such fraud as would affect the validity of his second marriage with her. Whatever may be the effect of this averment as matter of pleading, the agreed statement of facts does not touch upon the point, and the mere averment could have no proper effect in determining the character of the decree.

It follows that the decree dismissing appellant's bill on consideration of the pleading and agreed facts, was correct, and should be affirmed. There is no occasion to consider the assignment of error based upon the decree overruling the demurrer to appellee's cross-bill.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.