(October 30, 1919.)

# LAURA L. SMITH, Respondent, v. WILLIAM I. SMITH, Appellant.

[185 Pac. 67.]

MARRIAGE AND DIVORCE—PLEADING AND PROOF—PRESUMPTIONS—COMMUNITY PROPERTY—DIVISION OF.

1. Where it is sought to invalidate a present existing marriage on the ground that one of the parties thereto was incapable of consummating a lawful marriage by reason of a former subsisting marriage, the proof of the latter, the burden of showing which is upon the party attacking the validity of the former, must be clear, convincing and satisfactory.

2. An existing marriage being shown, the presumption of its validity is so strong that proof of a former subsisting marriage, in order to be sufficient to overcome this presumption, must be so cogent and conclusive as to fairly preclude any other result.

3. The presumption arising in favor of the validity of a marriage includes another presumption equally strong, that whatever impediments may have existed at some time previous to consummating the marriage had been removed. This presumption casts the burden upon the party attacking the validity of a marriage to show by clear, cogent and satisfactory evidence not only the fact and validity of the previous marriage, but that he had obtained no divorce from his former spouse.

[As to presumption and burden of proof as to validity of subsequent marriage, see notes in 17 Ann. Cas. 680; Ann. Cas. 1918E, 1233.]

[As to presumption in favor of second marriage, see note in 89 Am. St. 198.]

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action for divorce. Judgment for plaintiff. *Affirmed.*

R. J. Dygert, for Appellant.

Where marriage is void, fact that person entered into it in good faith and with belief that he had right to marry is imma-

terial on question of its invalidity.  (*Pratt v. Pratt*, 157
Mass. 503, 32 N. E. 747, 21 L. R. A. 97; *Thomas v. Thomas*,
124 Pa. St. 646, 17 Atl. 182; *Kenley v. Kenley*, 2 Yeates
(Pa.), 207; *Martin's Heirs v. Martin*, 22 Ala. 86; *Wilson v.
Allen*, 108 Ga. 275, 33 S. E. 975.)

Cohabitation without formal marriage and by persons who
cannot become legally married does not constitute a common-
law marriage by the mere continuance of cohabitation after
the removal of the impediment to marriage.  (*Chamberlain v.
Chamberlain*, 6 Ann. Cas. 486, note; *Darling v. Dent*, 82 Ark.
76, 100 S. W. 747; *Miller v. Prelle*, 122 Ill. App. 380; *Lan-
ham v. Lanham*, 136 Wis. 360, 128 Am. St. 1085, 117 N. W.
787, 17 L. R. A., N. S., 804; *O'Neill v. Davis*, 88 Ark. 196,
113 S. W. 1027; *Compton v. Benham* (Ind. App.), 85 N. E.
365; *Edelstein v. Brown*, 35 Tex. Civ. App. 625, 80 S. W.
1027.)

J. M. Stevens and H. E. Ray, for Respondent.

Common-law marriages are valid in this state.  (*Huff v.
Huff*, 20 Ida. 450, 118 Pac. 1080.)

Once a marriage relation is established, the law fastens
upon that marriage every presumption as to its validity, and
in order to successfully attack it, the one objecting must prove
by clear, distinct and satisfactory evidence every step estab-
lishing its invalidity.  (See cases cited in 14 L. R. A. 540,
16 L. R. A., N. S., 98, L. R. A. 1915E, 60; *McKibben v.
McKibben*, 139 Cal. 448, 73 Pac. 143; *Hunter v. Hunter*, 111
Cal. 261, 52 Am. St. 180, 43 Pac. 756, 31 L. R. A. 411;
*Wilcox v. Wilcox*, 171 Cal. 770, 155 Pac. 95; *In re Hughson's
Estate*, 173 Cal. 448, 160 Pac. 548; *Murchison v. Green*, 128
Ga. 339, 57 S. E. 709, 11 L. R. A., N. S., 702.)

BUDGE, J.—This is an action for divorce upon the ground
of extreme cruelty and for division of the community
property.

The facts are in substance as follows: Appellant and re-
spondent began living together as husband and wife in Salt

Lake City, Utah, on February 7, 1908. They moved to Soda Springs, Idaho, on March 1, 1910, and there purchased a small home in which they resided until a year later, when appellant made a homestead entry, to which they moved and upon which they resided for approximately five years, or until final proof was made, appellant going back and forth to Soda Springs, where for à time he followed his trade as a carpenter and subsequently went into the implement business. After final proof was made upon the homestead, they again took up their residence in Soda Springs, where they continued to reside as husband and wife until August 15, 1917, when appellant left home and thereafter refused to further live with respondent.

Respondent was married to one Lowther at Marietta, Ohio, and lived with him for about sixteen years. She left him in 1904, and at the time she entered into the marriage relationship with appellant she understood that Lowther had obtained a decree of divorce from her. Some time thereafter, upon learning that Lowther had not obtained a decree of divorce, she brought an action for divorce in Utah and was granted a final decree on July 21, 1911. Appellant furnished her money with which to obtain this divorce. There was no interruption in the relationship existing between appellant and respondent until August 15, 1917. During all of the time that they lived together she was recognized in the community in which they resided as his wife and as such upon numerous occasions joined with him in the execution of deeds and conveyances.

The court found that after respondent procured her divorce from Lowther, and repeatedly during the years 1911, 1912 and 1913, respondent and appellant mutually agreed to and did live together as husband and wife, and further found that when they first agreed to, and began to live together as husband and wife, respondent acted in good faith and under the honest belief that her former husband, Lowther, had procured a divorce from her.

Judgment was entered granting respondent a divorce and awarding her $8,000 out of the community property valued at $24,000. This appeal is from the judgment.

The case presents but one question for our determination, viz.: Is appellant's contention sustained that the common-law marriage between himself and respondent is void because he had a former wife living during all of the time these parties lived together as husband and wife, and hence was incompetent to consummate a valid marriage with respondent?

In his answer he alleges: "That he, the said defendant, has at all times since he made the acquaintance of the plaintiff, refused to marry her, the said plaintiff, and has at all times told the said plaintiff that he would never marry her, that he, the said defendant, was already married at all times since their said acquaintance, all of which the plaintiff well knows and has known ever since their said acquaintance."

The allegation is ambiguous, and it is difficult to determine from the language used whether it was intended to allege merely that appellant had told respondent that he was already married at all times since their acquaintance or whether he intended to allege that he was already married at all times since their said acquaintance. The pleading is susceptible of either construction. If the former construction were adopted, the issue would not be presented. If the latter construction were adopted, it is still doubtful whether the pleading is sufficiently specific to present the issue, but it was so treated, and the case was tried upon the theory that the answer presented the issue of appellant's incapacity to consummate a marriage with respondent.

The general rule, quoted by the supreme court of California from Bishop on Marriage, Divorce and Separation, is:

" 'Every intendment of the law leans to matrimony. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of proof, the law raises a strong presumption of its legality; not only casting the burden of proof on the party objecting (1 Bishop on Mar. Div. & Sep., secs. 946–948), but requiring him throughout, in

every particular, to make plain, against the constant pressure of this presumption, the truth of law and fact that it is illegal and void.'     Id., sec. 956.'' (*McKibben v. McKibben*, 139 Cal. 448, 73 Pac. 143.)

Or as otherwise stated by the New York court of appeals in the following language, which has been frequently quoted with approval by more recent authorities:

''The presumption of marriage, from a cohabitation, apparently matrimonial, is one of the strongest presumptions known to the law.   This is especially true in a case involving legitimacy.   The law presumes morality, and not immorality; marriage, and not concubinage; legitimacy, and not bastardy. Where there is enough to create a foundation for the presumption of marriage, it can be repelled only by the most cogent and satisfactory evidence.'' (*Hynes et al. v. McDermott et al.*, 91 N. Y. 451, at 459, 43 Am. Rep. 677; *Sloan v. West*, 50 Wash. 86, 96 Pac. 684, 17 L. R. A., N. S., 960; *Bowman v. Little*, 101 Md. 273, 61 Atl. 223, 657, 1084; *Teter v Teter*, 101 Ind. 129, 51 Am. Rep. 742; *Rooney v. Rooney*, 54 N. J. Eq. 231, 34 Atl. 682.)

The authorities all agree upon the following broadly stated rule: Where it is sought to invalidate a present existing marriage on the ground that one of the parties thereto was incapable of consummating a lawful marriage by reason of a former subsisting marriage, the proof of the latter, the burden of showing which is upon the party attacking the validity of the former, must be clear, convincing and satisfactory. Or, in other words, an existing marriage being shown the presumption of its validity is so strong that proof of a former subsisting marriage, in order to be sufficient to overcome this presumption, must be so cogent and conclusive as to fairly preclude any other result.   (Authorities cited *supra; United States v. Green*, 98 Fed. 63, at 65; *Megginson v. Megginson*, 21 Or. 387, 28 Pac. 388, 14 L. R. A. 540, and note; *Murchison v. Green*, 128 Ga. 339, 57 S. E. 709, 11 L. R. A., N. S., 702; *Smith v. Fuller*, 138 Iowa, 91, 115 N. W. 912, 16 L. R. A., N. S., 98, and note; *Myatt v. Myatt*, 44 Ill. 473; *Jones v. Gil-*

*bert,* 135 Ill. 27, 25 N. E. 566; *Clayton v. Wardell,* 4 N. Y. 230; *Dailey v. Frey,* 206 Pa. St. 227, 55 Atl. 962; *Jackson v. Phalen,* 237 Mo. 142, 140 S. W. 879; *Ollschlager's Estate v. Widmer,* 55 Or. 145, 105 Pac. 717.)

The presumption arising in favor of the validity of the marriage between the parties hereto includes another presumption equally strong, which, under the pretended issue relied upon by appellant, arises, viz., that whatever impediments may have existed at some time previous to his entering into the marriage relation with respondent had been removed, and this presumption casts the burden upon appellant to show by clear, cogent and satisfactory evidence not only the fact and validity of the pretended previous marriage, but that he had obtained no divorce from his former spouse. "The burden of establishing no divorce . . . . rested upon defendants." (*Jackson v. Phalen, supra.*)

Viewed in the light of the foregoing well-established rules of law, the proof on the part of appellant has signally failed to support his pretended issue. Although he took the stand in his own behalf, the record discloses not one word of testimony to the effect that he was ever married to Florence Smith, his pretended former wife, or if such were the fact, that such marriage was valid, or if valid that he had not obtained a divorce. Appellant apparently was willing to go to any extent, in support of his attempt to besmirch respondent's character and deprive her of her good name and her share in the community property, short of making any statement under oath which might be used against him in a prosecution for bigamy or white slavery, and cautiously contented himself with introducing in evidence a supposed marriage separation agreement between himself and Florence Smith, which is no evidence of a prior, valid marriage (*Clayton v. Wardell, supra*), and a decree of divorce granted to Florence Smith, upon the effect of which the authorities are divided. He failed to meet the burden of proof which rested upon him by any satisfactory evidence.

The judgment giving respondent one-third of the community property, not having been appealed from by her, presents no error of which appellant may complain.

The judgment is affirmed.   Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.