## LIZZIE MICHAELS

*v.*

## LOUIS MICHAELS.

[Submitted April 24th, 1920. Decided May 10th, 1920.]

1. Where the validity of a marriage is attacked upon the ground that one of the parties to it had a husband or wife living at the time it was contracted, the party asserting its invalidity must not only prove the former marriage, but also that the former husband or wife was living at the time of contracting the second marriage.

2. In the absence of proof to the contrary, the law will presume that a man was not alive at a given time, when the consequences of his being alive at that time is that another person has committed a criminal act, and certain children are thereby made illegitimate.

On pleadings and proofs.

*Mr. John W. Bostwick, Jr.* (*Messrs. Heine, Bostwick & Bradner* on the brief), for the complainant.

*Messrs. McDermit & McDermit,* for the defendant.

FOSTER, V. C.

Complainant's bill is filed for separate maintenance, alleging that defendant deserted her in April, 1911, and that he has since continuously abandoned her and neglected and refused to support her. Defendant's answer denies the abandonment and that he has refused and neglected to support complainant, and claims he is under no legal obligation to support her, and by way of counter-claim he asks for the annulment of his marriage to complainant on the ground that at the time of their marriage, she had another husband living, from whom she had not been divorced.

The facts developed on the hearing are that on March 5th, 1882, complainant was married to one William Cochran; that he deserted her shortly after the marriage; that she was a minor at the time, unable to read or write, and through her father she in due time states she engaged "a lawyer of Jersey City" to obtain a divorce for her; that she made the acquaintance of the defendant while she and her father were calling on the lawyer in connection with her divorce; that after several such calls she was taken by her lawyer into a room in some building in Jersey City, where only one man was present; that she placed her hand upon a book and she and her father were then told that she was divorced; on leaving this room she passed Cochran in the corridor but did not speak to him, and she has never since seen or heard from him, and she does not know if he is living or dead. On her return from Jersey City to her home in New-

ark, on the date this occurrence took place, she and her father met the defendant Michaels and informed him that she had obtained her divorce.

A search by both parties has failed to disclose any decree of divorce in favor of complainant, or any record of any divorce proceedings to which she was a party.

On October 17th, 1886, some time after complainant understood she had been divorced from Cochran, she married the defendant and they lived together as man and wife until April, 1911; four children were born to them, and three of them are married and have children.

It affirmatively appears that defendant since April, 1911, has abandoned complainant and has neglected and refused to support her except to the extent of $5 a week.

Defendant bases his claim for exemption from liability for complainant's support and for a decree for the annulment of their marriage upon the rule that a person is not presumed to be dead until the lapse of seven years since his last appearance or since he was last heard of, and he contends that as complainant admits seeing Cochran in the corridor adjoining the room in which she supposed she had obtained her divorce about a year prior to her marriage to the defendant, which was about four years after her marriage to Cochran, and as the seven-year period had not then expired, the presumption of Cochran's death could not arise, and complainant in the absence of a divorce from Cochran was not then qualified to contract a marriage with the defendant.

The case comes fairly within the rule of *Vreeland* v. *Vreeland, 78 N. J. Eq. 256; 79 Atl. Rep. 336,* in which Chief-Justice Gummere, in delivering the opinion of the court of errors and appeals, held that, when the validity of a marriage is attacked upon the ground that one of the parties to it had a husband or wife living at the time when it was contracted, the party asserting its invalidity must not only prove the former marriage, but also that the former husband or wife was living at the time of contracting the second marriage. See also *Schaffer* v. *Schaffer, 88 N. J. Eq. 192, 523.*

In cases involving questions like the present one, there are other presumptions beside the presumption of death, which must be considered; as the chief-justice pointed out in the *Vreeland Case,* it is a maxim of law, that every person shall be presumed innocent of a crime until proven guilty thereof, and if this presumption prevails in the present case, then complainant would not be guilty of the crime of bigamy in marrying defendant, and defendant is not guilty of the crime of adultery in cohabiting with her for nearly thirty years as her husband, as his counter-claim in substance alleges. The law also presumes that children who have been born as the result of a ceremonial marriage are legitimate. *Sparks* v. *Ross, 75 N. J. Eq. 550.* .

In civil cases while the law presumes the continuance of life, it also presumes against the commission of crime, and the answer to defendant's contention that complainant should have proven that Cochran was dead at the time she married defendant, is that the law presumes he was not alive when the consequence of his being so is that another person has committed a criminal act. And there is no authority that holds that where conflicting presumptions exist the court may not presume death at an earlier period than seven years.

Under the rule stated in *Bower* v. *Bower, 78 N. J. Law 387,* relating to presumptions as affecting the duty of producing further proof, the presumptions in the present case of innocence and legitimacy cast upon the defendant the duty of producing proof that should meet and overcome such presumptions; this he has failed to do, and in fact has not attempted, but has instead rested his case upon the common law rule as to the presumption of death, with the result that he has no evidence to support the allegations of his counter-claim, and has therefore failed to overcome the presumptions in favor of the validity of his marriage and the legitimacy of the issue thereof.

A decree will be advised in favor of complainant and counsel will be heard on two days' notice on the amount to be paid to her by defendant for her separate maintenance.