Argued February 18, affirmed June 1, 1926.

## HILDA JUKKALA ALTO *v*. STATE INDUSTRIAL ACCIDENT COMMISSION ET AL.

(246 Pac. 359.)

**Master and Servant.**

1. Stipulation of facts on which compensation case was tried on appeal to Circuit Court *held*, in effect, special verdict.

**Marriage—Second Wife of Deceased Workman Held Entitled to Compensation Where It was not Shown That There was No Dissolution of First Marriage.**

2. Second wife *held* entitled to compensation as widow of deceased workman, where stipulation of facts on which case was tried

recited existence of former marriage in Finland, but Industrial Accident Commission failed to show that there was no divorce or other dissolution of such marriage.

**Marriage—To Defeat Right of Second Wife of Deceased Workman to Compensation, Industrial Accident Commission has Burden to Prove That There was No Dissolution of Prior Marriage.**

3. To defeat right of second wife of deceased workman to compensation, Industrial Accident Commission has burden to prove prior marriage, competency of parties to enter it, and that there was no dissolution thereof.

**Marriage—There is Presumption That Parties to Second Marriage are Innocent of Any Crime or Wrong.**

4. There is presumption that parties to second marriage are innocent of any crime or wrong, since law will infer matrimony rather than concubinage.

**Marriage.**

5. To defeat right of second wife to compensation as widow of deceased workman, evidence of prior marriage, to rebut presumption of validity of second marriage, must be such as would afford reasonable grounds for presuming that allegation as to existence of first marriage was true, in absence of all counter testimony.

---

Appeal and Error, 4 C. J., p. 652, n. 73.
Marriage, 38 C. J., p. 1321, n. 54, p. 1325, n. 70, p. 1326, n. 71, 72, p. 1328, n. 86, p. 1329, n. 87, 88, p. 1330, n. 91, p. 1343, n. 81.

From Marion: PERCY R. KELLY, Judge.

Department 1.

AFFIRMED.

For appellants there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief over the name of *Messrs. McNary, McNary & Keyes,* with an oral argument by *Mr. E. M. Page.*

BURNETT, J.—The claimant, Hilda Jukkala Alto, was originally allowed compensation for the death

4.  See 18 R. C. L. 417.

of her husband in an industrial accident case and was paid a total of $207.01 on the installment plan provided by the statute, but afterwards the Commission suspended the payments and rejected her claim. Being a resident of Marion County of this state she appealed to the Circuit Court of that county, where the matter was tried upon a stipulation of facts in which were cited the official character of the State Industrial Accident Commission, the death of Herman Alto, the decedent, while in the employment of the Murphy Timber Company of Banks, in this state, both he and his employer being subject to the Workmen's Compensation Act and entitled to the benefits thereof; that the present claimant duly filed with the Accident Commission her claim for compensation as the widow and as the mother of the three stepchildren of the decedent. The stipulation then recites the payment to her of certain amounts, aggregating $207.01, and that afterwards, on June 26, 1924, the Commission entered an order canceling the award and rejected the claim of the plaintiff, whereupon she appealed to the Circuit Court of Marion County, that of her residence. The concluding paragraphs of the stipulation are as follows:

"Eighth: That said deceased Herman Alto was on the seventh day of November, 1905, duly and regularly married to Velhelmina Lieniatainen at Kartesjarvi, Finland, and that said Velhelmina Lieniatainen is now and has been continuously since said date a resident and inhabitant of Finland.

"Ninth: That thereafter and on the sixth day of July, 1906, said deceased Herman Alto departed from Finland for the United States of America and arrived in the United States soon thereafter and from his arrival to the date of his death, June 21, 1922, was at all times within the confines of the United

States of America and did not see the said Velhelmina Lieniatainen after his departure from Finland.

"Tenth: That thereafter and on the sixth day of July, 1913, said Velhelmina Lieniatainen became the mother of an illegitimate child, to wit, a son.

"Eleventh: That on the twenty-first day of January, 1920, the said deceased Herman Alto and the plaintiff herein, Hilda J. Alto, were intermarried at Leadville, Lake County, Colorado, and that no divorce or annulment of said marriage contract has ever been had.

"Twelfth: That at the time of the death of said Herman Alto, the plaintiff was the mother of the following children under 16 years of age: William Jukkala, born October 21, 1917; Edwin Jukkala, born April 25, 1912; Illa Jukkala, born June 17, 1908; who were and now are in her care and custody.

"Thirteenth: That the plaintiff herein has not remarried since the death of said Herman Alto.

"Fourteenth: That on the twenty-third day of August, 1924, and for some time prior thereto, the plaintiff was and now is a resident of Marion county, Oregon."

The judgment of the court, after hearing on this stipulation, was to the effect that the claim be referred to the Commission with instructions to fix the plaintiff's compensation for the death of Alto in accordance with the findings of the court, and that since the twenty-first day of June, 1922, the claimant was the lawful widow of the decedent and has had and now has in her custody three stepchildren of the decedent.

1, 2. The Industrial Accident Commission has appealed to this court. The stipulation is in effect a special verdict: *Alsos* v. *Kendall,* 111 Or. 359, 364 (227 Pac. 286). The question is whether the right conclusion of law was drawn from that verdict and

embodied in the judgment of the Circuit Court. In another form, the question is which of the two marriages mentioned in the stipulation is the effective one and to which so-called widow must the compensation be paid. Succinctly stated, the situation is this: The deceased employee married the Finland woman November 7, 1905. On the following July 6, 1906, he left Finland for the United States, where he resided continuously until the date of his death, June 21, 1922. On January 21, 1920, more than thirteen years after his arrival in this country, he married the claimant at Leadville, Colorado. The latter has not married again since the death of the employee and there was no divorce or annulment of the marriage contract between the claimant and the decedent. As between the two marriages, where the question is as to their validity and precedence, the principle is thus stated:

"Where a marriage has been consummated in accordance with the form of the law, the law indulges a strong presumption in favor of its validity. One who asserts the invalidity of such a marriage because one of the parties thereto has been formerly married, and the spouse of such former marriage is still living, has upon him the burden of proving that the first marriage has not been dissolved by divorce or by lawful separation." *Brokeshoulder* v. *Brokeshoulder,* 84 Okl. 249 (204 Pac. 284, 34 A. L. R. 441), and notes).

3, 4. The question in this case is the validity of the Colorado marriage. The Industrial Accident Commission assails the Colorado marriage on the ground that there was already an existing marriage between the decedent and the Finland woman. Under the rule above announced, the burden rests upon

the Industrial Accident Commission not only to prove that the marriage occurred in Finland, but also to show that the parties to it were competent to enter into it and lastly that there had been no divorce or other dissolution of that marriage. The mere assertion that there had been a marriage in Finland does not meet the requirements of the precedents on this subject. A great wealth of citations holding this principle is attached to the case of *Brokeshoulder* v. *Brokeshoulder, supra,* where there are four pages of citations in the notes supporting the principle. The doctrine is founded on the presumption that the parties to the second marriage were innocent of any crime or wrong and that the law will infer matrimony rather than concubinage. In *Ward* v. *Ward,* 24 Ga. App. 695 (102 S. E. 35), the doctrine was laid down that the presumption as to the validity of a marriage can only be negatived by proof of every reasonable possibility. In *Smith* v. *Smith,* 32 Idaho, 478 (185 Pac. 67), it was held:

"An existing marriage being shown, the presumption of its validity is so strong that proof of a former subsisting marriage, in order to be sufficient to overcome this presumption, must be so cogent and conclusive as to fairly preclude any other result."

In *Wilcox* v. *Wilcox,* 171 Cal. 770 (155 Pac. 95), the precept is thus stated:

"The burden of proof is on the party assailing a marriage on the ground that a former husband or wife is still alive, to show not only the former marriage but also that it has not been dissolved by death or judicial decree and that the *prima facie* presumption in favor of the validity of the marriage assailed outweighs the presumption of the continuance of life of the former husband or wife."

See, also, *McAllum* v. *Spinks,* 129 Miss. 237 (91 South. 694); *Lewis* v. *Lewis,* 60 Okl. 60 (158 Pac. 368); *Howard* v. *Kelly,* 111 Miss. 285 (71 South. 391, Ann. Cas. 1918E, 1230); *In re Biersack,* 96 Misc. Rep. 161 (159 N. Y. Supp. 519); *James* v. *Adams,* 56 Okl. 450 (155 Pac. 1121); *Schubert* v. *Barnholt,* 177 Iowa, 232 (158 N. W. 662); *Bell* v. *Bell,* 196 Ala. 465, (71 South. 465); *Zimmerman* v. *Holmes,* 59 Okl. 253 (159 Pac. 303); *In re Pusey's Estate,* 173 Cal. 141 (159 Pac. 433); *In re Hughson's Estate,* 173 Cal. 448 (160 Pac. 548); *McLaughlin* v. *McLaughlin,* 201 Ala. 482 (78 South. 388); *Wilson* v. *Burnett,* 105 Misc. Rep. 279 (172 N. Y. Supp. 673); *Price* v. *Tompkins,* 171 N. Y. Supp. 844; *Copeland* v. *Copeland,* 73 Okl. 252 (175 Pac. 764); *Michaels* v. *Michaels,* 91 N. J. Eq. 408 (110 Atl. 573); *Farr* v. *Farr,* 190 Iowa, 1005 (181 N. W. 268); *O'Leary* v. *Lawrence,* 138 Md. 147 (113 Atl. 638). These are but few of the great wealth of authorities on the subject.

5. According to the stipulation there is nothing to depreciate the worth of the Colorado marriage except that there was an earlier marriage in Finland to which the decedent was a party. According to the precedents this is not enough. If the Commission proposes to impeach the Colorado marriage on account of the previous Finland marriage and so deprive a resident of this state of her compensation under the industrial accident law, it is incumbent upon that body not only to prove the solemnization of the Finland marriage but also that there was no divorce or other dissolution of the Finland marriage. The amount of testimony required for that phase of the attack upon the Colorado marriage varies all the way from almost beyond reasonable

doubt to what it is believed to be the reasonable rule embodied in the notes to the Brokeshoulder case, *supra,* to the effect that:

"The presumption arising in favor of the validity of a second marriage is not a conclusive presumption, but is what is known as a rebuttable presumption, and the one contending against the legality of the second marriage is not required to make plenary proof of a negative averment. It is enough that he introduce such evidence as, in the absence of all counter testimony, will afford reasonable grounds for presuming that the allegation is true, and when it is done the *onus probandi* will be thrown on his adversary." *Brokeshoulder* v. *Brokeshoulder,* 84 Okl. 249 (204 Pac. 284, 34 A. L. R. 441).

Here, however, there is no testimony to enlarge the mere existence of the Finnish marriage or to show its continuance. Reduced to lowest terms, the whole testimony on that subject is that there was once a Finland marriage. Whether is was afterwards annulled or not is not shown. The record falls short of the *quantum* of proof required of those who assail the claimant's Colorado marriage: There are precedents to the contrary which in effect throw the burden of proof on the supporters of the second marriage, but they are greatly in the minority. An example of the kind is the Ohio case of *State Industrial Acc. Com.* v. *Dell,* 104 Ohio St. 389 (135 N. E. 669, 34 A. L. R. 422), where it is held that in case of a stipulation that both marriages have been formally solemnized, and the record is silent as to whether there has been a divorce of the parties to the first marriage, there is a presumption that the status of the parties to the first marriage continues, and the burden is upon the parties claiming the validity of

the second marriage to overcome such presumption. Precedents teaching the doctrine of the Dell case are very few in comparison with the great number to the contrary effect.

The conclusion is that the judgment of the Circuit Court is affirmed.                    AFFIRMED.

McBRIDE, C. J., concurs.

COSHOW and RAND, JJ., concur in result.