Submitted on briefs April 6, affirmed May 11, 1926.

# J. IRA ROUTLEDGE *v.* ETTA MAY GITHENS
## ET AL.

### (245 Pac. 1072.)

**Divorce—In Husband's Suit to Declare Marriage Void, Wife is not Estopped to Deny Previous Marriage to Another by Decree in Her Divorce Suit Against Such Other.**

1. In husband's suit to declare marriage void, wife is not estopped to deny previous marriage to another by decree in her divorce suit against such other, since present husband was not party to such suit, and estoppels by record are mutual.

**Marriage—Husband, in Suit to Declare Marriage Void, must Show That Wife and Previous Husband were Eligible to Marry; That Marriage was Regularly Solemnized, and has Never Been Dissolved; and That Previous Husband was Alive at Time of Plaintiff's Marriage.**

2. Husband, in suit to declare marriage void on ground of wife's previous marriage, must show that she and previous husband were eligible to marry; that marriage was regularly solemnized, and has never been dissolved; and that previous husband was alive at time of plaintiff's marriage.

---

1. See 10 R. C. L. 764.
2. See 9 R. C. L. 300.

Marriage—Peculiarly Cogent Proof is Required, in Suit to have Marriage Declared Void, of Previous Marriage of Defendant Spouse, Owing to Strong Presumption of Innocence.

3. Peculiarly cogent proof is required, in suit to have marriage declared void, of previous marriage of defendant spouse, owing to strong presumption of innocence in favor of latest marriage.

Estoppel, 21 C. J., p. 1067, n. 81, 82, 83, 84, 85.
Marriage, 38 C. J., p. 1325, n. 70, p. 1328, n. 86, p. 1329, n. 87, p. 1330, n. 91, p. 1344, n. 96.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. C. M. Idleman.*

For respondent there was a brief over the name of *Messrs. Joseph, Haney & Littlefield.*

BURNETT, J.—This is a suit to declare a marriage void. The complaint avers that the defendant woman was married to one Githens at Vancouver, Washington, June 28, 1915. This is denied. The plaintiff goes on to state substantially that the defendant, about March 30, 1917, instituted a suit in Wasco County, of this state, against Githens to obtain a divorce from him. The plaintiff here claims there was no jurisdiction conferred upon the Wasco County Circuit Court to render any decree in that suit because at the time the plaintiff resided in Multnomah County, and there was no appearance by the defendant in that case, and hence no authority to render the decree, which afterwards was entered May 20, 1917, and which purported to dissolve the marriage

3. See 18 R. C. L. 416.

contract between the present defendant, plaintiff there, and Githens, the defendant in that suit.

The complaint avers, and it is admitted, that, on June 30, 1917, by virtue of a marriage license duly and regularly procured, a marriage ceremony was performed at South Bend, Washington, uniting the present plaintiff and defendant in marriage, so far as form was concerned, but not otherwise. He claims that because he did not ascertain that the Wasco County Circuit Court did not have jurisdiction to render the decree of divorce mentioned, he is entitled to have the present marriage declared void, having lived separate and apart from the defendant ever since he ascertained the defect in the divorce decree. No property is involved and the question is solely as to the marital status of the parties.

Affirmatively defending, the answer states in substance that on June 20, 1915, the present defendant went through the form of a marriage contract at Vancouver, Washington, with Githens, but that afterwards the Circuit Court of Wasco County, Oregon, duly made and entered a decree of divorce between her and Githens on May 28, 1917. For a second defense, she says, as before, that the defendant went through the form of a marriage as stated, on June 20, 1915, but that she afterwards discovered that her supposed husband had at the time of the marriage a wife and two children living in the State of New Jersey, from which wife he had never been divorced, and that immediately upon the discovery of the same she ceased to live with her then husband. She charges that the plaintiff herein knew all of the facts and circumstances in connection with the bigamous marriage entered into with the other husband, and that it was upon the advice and importunity of the

present plaintiff that the suit was instituted in Wasco
County for a divorce. She concludes her answer by
saying that on June 30, 1917, the present plaintiff
and this defendant married each other at South Bend,
Washington, and ever since have been and now are
husband and wife. She prays that the suit be dis-
missed.

After traversing the new matter in the answer,
except as the same agrees with the allegations of the
complaint, the plaintiff sets up the Wasco County Cir-
cuit Court proceeding anew, and claims that by virtue
of her affidavit of verification to the complaint, in
which she styles Githens as her husband, she is es-
topped to deny the fact in the present suit. The
Circuit Court entered a decree, after hearing, dismiss-
ing the suit, with costs, and the plaintiff has appealed.

1. The plaintiff was not a party to the Wasco
County Circuit Court proceeding and hence can claim
nothing for that decree in the way of estoppel. On
that point the rule is thus stated in 21 C. J. 1067:

"Estoppels of record to the extent that they bind
parties will also bind their privies, but to that extent
only. So these estoppels operate only on parties and
their privies and can be used neither by nor against
strangers. Estoppels by record are mutual, and can-
not be insisted on by one who is himself not bound
thereby."

All the citations in the plaintiff's brief on the sub-
ject of estoppel are instances of contention between
the original marital parties or between one of them
and the heirs of the other over some property ques-
tion, and do not deal directly with their personal
relation to each other. The treatment of the subject
is thus limited in *Marvin* v. *Foster,* 61 Minn. 154 (62
N. W. 484, 52 Am. St. Rep. 586):

"As we have before intimated, and to avoid any chance for an impression that we lend any countenance to the idea that parties may become divorced upon the ground of estoppel by conduct, we repeat that this action is one relating solely to property rights unaffected by any considerations which give to the marriage relation its precise status. The marriage relation between Foster and his deceased wife, with all its duties and obligations, has been terminated by her death, and he is now asserting this former relation, and the invalidity of the decree of divorce solely for the purpose of obtaining her property. It is to such a state of facts, and in such an action, that we apply the doctrine of estoppel. Beyond this we do not go."

2. The utmost effect that anything stated in the Wasco County proceedings can have is an admission against the interest of the party making the statement, the present defendant. But as between her and the plaintiff they are not conclusive upon her because they are not conclusive upon him. The answer here, when read carefully, does not admit a regular legal marriage between the defendant and Githens. It only says that they went through the form of marriage. The plaintiff essays to declare the marriage between himself and the defendant to be void on the ground that when the parties hereto were married, as stated, the defendant had an undivorced husband living. As between the two marriages, when the question is to their validity and precedence, the principle is thus stated:

"Where a marriage has been consummated in accordance with the form of the law, the law indulges a strong presumption in favor of its validity. One who asserts the invalidity of such a marriage because one of the parties thereto has been formerly married, and the spouse of such former marriage is still living, has upon him the burden of proving that the

first marriage has not been dissolved by divorce or by lawful separation." (*Brokeshoulder* v. *Brokeshoulder,* 84 Okl. 249 (204 Pac. 284, 34 A. L. R. 441, and notes.)

It is taught in *Ward* v. *Ward,* 24 Ga. App. 695 (102 S. E. 35), that the presumption as to the validity can only be negatived by proof of every reasonable possibility. In *Smith* v. *Smith,* 32 Idaho, 478 (185 Pac. 67), the rule is thus stated:

"An existing marriage being shown, the presumption of its validity is so strong that proof of a former subsisting marriage, in order to be sufficient to overcome this presumption, must be so cogent and conclusive as to fairly preclude any other result."

Likewise, in *Wilcox* v. *Wilcox,* 171 Cal. 770 (155 Pac. 95), it is said:

"The burden of proof is on the party assailing a marriage on the ground that a former husband or wife is still alive, to show not only the former marriage but also that it has not been dissolved by death or judicial decree and that the *prima facie* presumption in favor of the validity of the marriage assailed outweighs the presumption of the continuance of life of the former husband or wife."

3. We are not informed by the record before us whether the alleged husband of the defendant was alive or not at the time of the Wasco County decree or the South Bend marriage. Neither are we enlightened as to whether he legally had contracted a marriage with the supposed wife in New Jersey, the record being silent as to whether the parties to that alleged marriage were eligible to consummate the same. By the clear weight of authority one who would assail a later marriage as being void must, so to speak, point out some fatal defect in what the law would otherwise presume to be a legitimate matri-

monial pedigree for each one of the parties to the marriage in question. For all that appears in the present instance, Githens, at his own suit, may have secured a divorce from his New Jersey wife, although she is quoted in her deposition as saying that she had no notice of the same. For aught that appears, that marriage itself may have been contracted while one of the parties was ineligible, and hence void, The affirmative rests with peculiar force upon one who would destroy the latest marriage, the presumption of innocence in those nuptials being so strong as to require peculiarly cogent proof of the contrary.

In brief, if the plaintiff would rely on the marriage of the defendant with Githens as rendering void her marriage with the plaintiff, the latter must show, not only that both she and Githens were eligible to contract that relation with each other, but also that it was regularly solemnized. Besides this it must be shown that it has never been dissolved at the suit of either party to it and that Githens was alive at the time the parties to this suit were married to each other. The record falls far short of this standard.

The following precedents are apropos: *McAllum* v. *Spinks,* 129 Miss. 237 (91 South. 694); *Lewis* v. *Lewis,* 60 Okl. 60 (158 Pac. 368); *Howard* v. *Kelly,* 111 Miss. 285 (71 South. 391, Ann. Cas. 1918E, 1230); *In re Biersack,* 96 Misc. Rep. 161 (159 N. Y. Supp. 519); *James* v. *Adams,* 56 Okl. 450 (155 Pac. 1121); *Schubert* v. *Barnholt,* 177 Iowa, 232 (158 N. W. 662); *Bell* v. *Bell,* 196 Ala. 465 (71 South. 465); *Zimmerman* v. *Holmes,* 59 Okl. 253 (159 Pac. 303); *In re Pusey's Estate,* 173 Cal. 141 (159 Pac. 433); *In re Hughson's Estate,* 173 Cal. 446 (160 Pac. 548); *McLaughlin* v. *McLaughlin,* 201 Ala. 482 (78 South. 388); *Wilson* v. *Burnett,* 105 Misc. Rep. 279 (172

N. Y. Supp. 673); *Price* v. *Tompkins,* 171 N. Y. Supp. 844; *Copeland* v. *Copeland,* 73 Okl. 252 (175 Pac. 764); *Michaels* v. *Michaels,* 91 N. J. Eq. 408 (110 Atl. 573); *Farr* v. *Farr,* 190 Iowa, 1005 (181 N. W. 268); *O'Leary* v. *Lawrence,* 138 Md. 147 (113 Atl. 638). These are but few of the great wealth of authorities on the subject.

The decree of the Circuit Court dismissing this suit is affirmed.  AFFIRMED.