Submitted on briefs September 7, affirmed September 21, 1926, rehearing denied November 16, 1926.

IN RE ESTATE OF ELTON CLAYTON DE FORCE, DECEASED.

CHARLES E. DE FORCE *v.* E. P. PARKER, ADMINISTRATOR, ET AL.

(249 Pac. 632.)

Marriage—Party Asserting Invalidity of Marriage Because of Former Marriage of One of Parties must Allege and Prove That Parties to Former Marriage were Eligible to Consummate It, That Spouse of Former Marriage is Still Living, and That First Marriage has not been Dissolved by Divorce or Death.

1. Law indulges strong presumption in favor of validity of marriage consummated according to forms of law, and party assert-

---

1. See 18 R. C. L. 420.

ing its invalidity because of former marriage of one of parties has burden to allege and prove that parties were eligible to consummate former marriage, and that spouse of former marriage is living, and that first marriage has not been dissolved by divorce or death.

Executors and Administrators.

2. To show that, at time of marriage of deceased, his wife had husband by former marriage living, petitioner attacking appointment of administrator on petition of widow must allege necessary facts, in absence of which proceeding was properly dismissed.

Marriage.

3. Proof of former marriage, to overcome presumption of validity of existing marriage, must be so cogent and conclusive as to fairly preclude any other result.

Appeal and Error.

4. For appellate court to pass on question of estoppel of petitioner seeking to revoke letters of administration to allege facts showing invalidity of divorce proceedings between widow of deceased and her husband by former marriage, such facts must be pleaded.

Appeal and Error.

5. Pleading wholly failing to show facts constituting cause of action may be questioned at any stage of case, even on appeal.

Appeal and Error, 3 C. J., p. 786, n. 76.
Marriage, 38 C. J., p. 1321, n. 54, p. 1328, n. 86, p. 1329, n. 87, 89, p. 1330, n. 90.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

On February 26, 1926, respondent Mary H. De Force filed in the County Court of the State of Oregon, for Clatsop County, her verified petition for letters of administration of the estate of Elton Clayton De Force, deceased, showing in substance; that Elton Clayton De Force died on or about February 26, 1926, in the county of Clatsop, State of Oregon. That said deceased at the time of his death was an inhabitant of the county of Clatsop and left assets in that county and elsewhere in the State of Oregon consisting of real and personal property of

3.  See 18 R. C. L. 417.
5.  See 2 R. C. L. 86.

the value of about $42,500, and an interest in real property in the State of Washington of the value of about $600; that the heir of said deceased was Mary H. De Force, aged 40 years, residing in that county, widow of said deceased, and praying for the appointment of E. P. Parker as administrator of the estate of said deceased.

The petition was granted by the County Court and Captain E. P. Parker was duly appointed as administrator of the estate of Elton Clayton De Force, deceased, and letters of administration were duly issued to him.

On the 27th of March, 1926, the appellant Charles E. De Force filed in the County Court for Clatsop County a verified petition for revoking the letters of administration issued to E. P. Parker, on the ground that Mary H. De Force is not the legal widow of Elton Clayton De Force, deceased, and therefore, not his legal heir, and not entitled to petition for the appointment of the administrator until the statutory period of thirty days has elapsed, during which appellant as the brother of the deceased asserts a preferential right.

The petition was based upon the grounds that the appointment of E. P. Parker as such administrator, was upon the assumption that Mary H. De Force had obtained a valid decree of divorce from her former husband, Charles Wing, and had subsequently thereto entered into a valid marriage with E. C. De Force, now deceased. That the divorce proceedings instituted by Mary H. De Force, then May Wing, against Charles Wing, her former husband, on March 17, 1917, in the Circuit Court of the State of Oregon for Clatsop County, are illegal and void for the reasons set forth in detail, in substance as follows:

(1) The complaint in said suit, a copy of which is

attached to the petition failed to state facts sufficient to constitute a cause of suit; (2) That the pretended affidavit filed for publication of summons upon the defendant is void, for the reason that it is in the third person; (3) For the reason that it does not set forth the names of the persons from whom inquiry was made as to the residence or whereabouts of defendant; (4) That the Circuit Court obtained no jurisdiction over the defendant Wing; (5) That the order of publication of summons was signed by the county judge of Clatsop County without showing that the circuit judge was out of the district, or was ill, or incapable of being reached, and the county judge had no authority to sign the order; that no personal service of summons had ever been obtained upon the defendant in the divorce suit, and that the Circuit Court was without jurisdiction to enter the decree dissolving the bonds of matrimony between May Wing and Charles Wing.

The petition further shows that subsequently to the divorce proceedings, Mary H. De Force and Elton Clayton De Force, the deceased, went through the formality of a marriage ceremony before a justice of the peace in Clatsop County, Oregon, which was void on account of the invalidity of the divorce decree and for that reason Mary H. De Force is not the legal widow of deceased; that decedent left no children nor descendants of any children, nor father nor mother, nor any legal wife or widow; that petitioner, Charles E. De Force, a brother, and Donald S. De Force, likewise a brother of deceased, who has not been heard from for about two years, and whose whereabouts at the present time are unknown, are the only heirs and next kin of deceased. Copies of the divorce proceedings are attached to the petition.

The respondents answered the petition and admitted the allegations thereof as to the death of Elton Clayton De Force, the appointment of the administrator, and the divorce proceedings, but denied that the same were defective; admitted the formal marriage of Mary H. De Force and Elton C. De Force and alleged that ever since, until the death of decedent, they were husband and wife; denied that the marriage was void and admitted some allegations, and denied others. They further pleaded, in effect, that the petitioner, Charles E. De Force, was estopped from alleging the matter set forth in the petition for the reason that Elton Clayton De Force, being desirous of consummating a marriage with Mary H. De Force, then May Wing, and being informed of her former marriage, in order to accomplish his desired marriage, was instrumental in procuring the divorce, and employed and paid attorneys to prosecute the divorce suit, and procure the divorce decree, and paid the costs and expenses therein. That in due time he entered into a legal marriage with the said May Wing and thereafter lived and held her out to the world as his wife until his death. Defendants prayed that the petition be dismissed.

Respondents demurred to the answer as failing to state facts sufficient to constitute a defense to the petitioner. The demurrer was overruled by the County Court. The petitioner refused to plead further. Thereupon the County Court dismissed the proceedings. The petitioner appealed to the Circuit Court. On June 3, 1926, the Circuit Court affirmed the decree of the County Court. Petitioner Charles E. De Force appealed to this court.

Affirmed. Rehearing Denied.

For appellant there was a brief over the name of *Messrs. Norblad & Hesse.*

For respondents there was a brief over the name of *Mr. John W. Kaste.*

BEAN, J.—It will be noticed from the statement that the petition attacking the validity of the marriage of Mary H. De Force, formerly known as May Wing, with Elton Clayton De Force, the deceased, for the purpose of showing that Mary H. De Force is not the lawful widow of her deceased husband, failed to directly allege that Mary H. De Force or May Wing was ever married to Charles Wing, against whom the proceedings for a divorce was instituted in the Circuit Court for Clatsop County. The petition also fails to show that at the time of the admitted marriage of Mary H. De Force, then May Wing, with Elton C. De Force, Charles Wing the supposed former husband was then living.

The petition fails to show that either May Wing or Charles Wing, the parties contracting the assumed marriage, was eligible to contract that relation with the other. For aught that appears in the petition or record, at the time of the divorce proceedings in the Circuit Court of Clatsop County, Charles Wing may have been dead.

1. It is now the settled law in this state that where a marriage has been consummated in accordance with the forms of the law, the law indulges a strong presumption in favor of its validity. It is incumbent upon a party who asserts the invalidity of such a marriage, upon the grounds that one of the parties thereto has been formerly married, to allege and prove that the parties to the alleged former marriage were eligible to consummate the same, and that the

119 Or.—36

spouse of such former marriage is still living; that the first marriage has not been dissolved by divorce or by the death of one of the parties: *Routledge* v. *Githens*, 118 Or. 70 (245 Pac. 1072); *In re Megginson*, 21 Or. 378 (28 Pac. 388, 14 L. R. A. 540); *Ollschlager's Estate* v. *Widmer*, 55 Or. 145 (105 Pac. 717); *Wallace* v. *McDaniel*, 59 Or. 378 (117 Pac. 314, L. R. A. 1916C, 744); also, the cases cited in the opinion of *Routledge* v. *Githens, supra.*

2. In order for the petitioner Charles E. DeForce to show that at the time of the marriage of Mary H. De Force with Elton C. De Force, she had a husband by a former marriage living, the first step necessary is that the petition or a pleading allege such facts.

Counsel for petitioner assert in their briefs that this is a matter of proof and not a matter of pleading. In any case, the proof should correspond to the allegations of the pleadings, and, in the absence of any such allegation in the petition, proof of such fact would not be appropriate. A stream cannot rise higher than its source.

In the case of *Routledge* v. *Githens, supra,* which was a suit to declare a marriage void for the reason that the wife had a husband by a former marriage living, at page 1073 of the report, Mr. Justice BURNETT, after discussing the question, recorded the following language:

"In brief, if the plaintiff would rely on the marriage of the defendant with Githens as rendering void her marriage with the plaintiff, the latter must show, not only that both she and Githens were eligible to contract that relation with each other, but also that it was regularly solemnized. Besides this, it must be shown that it has never been dissolved at the suit of either party to it, and that Githens was alive at the time the parties to this suit were married to each other. The record falls far short of this standard."

It does not appear from the petition or from the record that Charles Wing, the supposed former husband of Mary H. De Force, formerly May Wing, never obtained a valid decree of divorce from May Wing, now Mary H. De Force. In the case of *Brokeshoulder* v. *Brokeshoulder*, 84 Okl. 249 (204 Pac. 284, 34 A. L. R. 441), the syllabus reads thus:

"Where a marriage has been consummated in accordance with the form of the law, the law indulges a strong presumption in favor of its validity. One who asserts the invalidity of such a marriage because one of the parties thereto has been formerly married and the spouse of such former marriage is still living, has upon him the burden of proving that the first marriage has not been dissolved by divorce or by lawful separation." (See, also, extended notes to latter case at page 464 et seq., 34 A. L. R.)

3. Where an existing marriage is shown, the presumption of its validity is so strong that proof of a former subsisting marriage, in order to be sufficient to overcome this presumption, must be so cogent and conclusive as to fairly preclude any other result: *Smith* v. *Smith*, 32 Idaho, 478 (185 Pac. 67). See, also, *Alto* v. *State Ind. Acc. Com.*, 118 Or. 231 (246 Pac. 359); *Wilcox* v. *Wilcox*, 171 Cal. 770 (155 Pac. 95).

The proceedings inaugurated by the petition of Chas. E. De Force, the appellant, were therefore properly dismissed by the County Court and the decree of the Circuit Court affirming such dismissal was right, and should be affirmed.

4. In order for this court to pass upon the question of the estoppel of the petitioner to allege facts showing the invalidity of the divorce proceedings in question, it is essential that such facts be first pleaded. Neither is this court in a position to pass upon the other questions raised and ably argued in the briefs

of counsel for the respective parties, in the absence of a petition or pleading, setting forth facts showing the invalidity of the marriage between Mary H. De Force and Elton Clayton De Force, now deceased.

5. Undoubtedly a pleading that wholly fails to state facts sufficient to constitute a cause of suit or action, may be questioned at any stage of the case. Such a question may be raised for the first time upon appeal to this court. No authorities are required to be cited upon this point. The petition commencing these proceedings is fatally defective. Neither the County Court, Circuit Court, nor this court is authorized to declare the marriage of Elton Clayton De Force with Mary H. De Force, solemnized as it is admitted, on the fourth day of February, 1918, to be void, or to decree that Mary H. De Force is not the legal widow and heir of Elton C. De Force, deceased, upon the showing of facts contained in the petition herein. The allegations that are wanting in the petition are not supplied by the answer, or in any other manner.

It follows that the decree of the Circuit Court must be affirmed. It is so ordered.

AFFIRMED.    REHEARING DENIED.

RAND, J., took no part in the consideration of this case.