Argued November 17; affirmed December 1, 1942

SMITH ET AL. *v.* SMITH ET AL.

(131 P. (2d) 447)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*J. K. Weatherford, Jr.*, of Albany (Weatherford & Thompson, of Albany, on the brief), for appellants.

*Earl A. Nott*, of McMinnville, for Delores Adelle Smith, for respondents.

BELT, J. This is a suit involving title to certain lots in the city of Lebanon in Linn county, Oregon. The plaintiffs George P. Smith, Leonard Smith and Edith Hern are the only children of Frank E. Smith, deceased, at one time the owner in fee of the lots. These children allege that each of them owns an undivided one-sixth interest in the lots and that the defendant Dolores Adelle Smith is the owner of an undivided one-half interest therein.

The defendant, in her answer, alleges that she is the owner in fee of the lots and, as surviving widow, asserts title by virtue of a deed to her by deceased, purporting to create an estate by the entirety.

Plaintiffs, in their reply, contend that the marriage of defendant to their father in 1938 is void by reason of a prior marriage in 1936 to Quirino Apigo Tadina which has never been dissolved or annulled, and that her husband is still living.

The trial court, after hearing, decreed (1) that plaintiffs' suit be dismissed and (2) that defendant is owner in fee of the real property in question.

The decision hinges upon the validity of the subsequent marriage. If the second marriage is void,

plaintiffs' contention is correct; if it is not void, defendant is the owner in fee of the property and plaintiffs have no interest therein.

 Plaintiffs, in challenging the validity of their father's second marriage, have the burden of proof. There is a strong presumption that such marriage is valid. Indeed, it is one of the strongest disputable presumptions known in law. Defendant having shown a ceremonial marriage consummated in form of the law, it was incumbent upon plaintiffs to establish by clear and convincing evidence: (1) A prior marriage by competent parties; (2) that such marriage has never been dissolved or annulled; and (3) that defendant's former spouse was alive at the time of the subsequent marriage: *Routledge v. Githens et al.*, 118 Or. 70, 245 P. 1072, 45 A. L. R. 922; *Alto v. State Industrial Accident Commission*, 118 Or. 231, 246 P. 359; *In re Estate of DeForce*, 119 Or. 556, 249 P. 632. Also see numerous authorities to the same effect in notes 34 A. L. R. 464 and 77 A. L. R. 729. We see no need of further restatement of the law.

██ The proof falls far short of meeting the essential requirements to set aside and hold for naught a subsequent marriage. It is argued that defendant has failed to show that Quirino Apigo Tadina was dead at the time of her second marriage. The authorities above cited require plaintiffs to show that Tadina was alive at such time. All the evidence, instead of showing that Tadina was alive, tends to show that he was dead at such time. It is presumed in law that the prior marriage had been dissolved by divorce or death before the subsequent marriage took place. Plaintiffs have not shown that the prior marriage was not dissolved or annulled by legal proceedings. For aught that appears,

Tadina may have obtained a divorce without the actual knowledge of the defendant.

■ Where there are conflicting marriages, the presumption of life of contracting parties to prior marriage will not prevail against the presumption of innocence of parties to second marriage.

The decree is affirmed.

RAND, J., did not participate in this decision.