On appellant's reconsideration filed March 9, reconsideration allowed;
former opinion (55 Or App 982, 640 P2d 692) adhered to April 26, 1982

In the Matter of the Estate of
Dale Allen Davis, Deceased.

DAVIS,
*Appellant,*
*v.*
DAVIS,
*Respondent.*

(No. 50-80-03938, CA 18625)

643 P2d 1351

Steven L. Philpott, Eugene, for petition.

Before Buttler, Presiding Judge, and Warden and
Warren, Judges.

WARREN, J.

**WARREN, J.,**

This is a petition for reconsideration of *Davis v. Davis,* 55 Or App 982, 640 P2d 692 (1982), in which we upheld the validity of the marriage between appellant and her deceased husband against a challenge that he was still married to his first wife at the time of the marriage in question. We applied the rule developed in *In Re Estate of De Force,* 119 Or 556, 249 P 632 (1926), and subsequent cases, and held that the challenger to the marriage had failed to prove one of the four elements of his *prima facie* case: that the parties to the earlier marriage had been eligible to contract it. On appeal, the widow had denied that challenger had satisfied his burden of proof to show the invalidity of her marriage, although not for this precise reason.

In this petition, challenger contends that we misconstrued one of the parties' prehearing stipulations. Challenger argues that discussions between the parties' attorneys and the court prior to the hearing, and a statement of the widow's attorney during closing argument, demonstrate that the parties, by their stipulation, intended to concede that the first marriage was valid. We concluded that the stipulation that decedent had been married previously to Darline Davis was not a concession that they had entered into a valid marriage, but only that they had gone through a wedding ceremony.

Our review of the colloquy between counsel and the court and the argument disclosed that both parties recognized that challenger had a duty to rebut the presumption that the current marriage was valid, that both parties mistakenly believed that to overcome the presumption challenger need only prove that the first marriage had not been terminated by divorce or death prior to the second one and that the widow's attorney did stipulate to those two elements — and nothing more. We reviewed *de novo* and applied the law, irrespective of the parties' misconception, *see generally Agan et al v. U.S. National Bank,* 227 Or 619, 629, 363 P2d 765 (1961), to determine whether a *prima facie* showing of the invalidity of the second marriage was made and concluded that it was not.

■ ■ Our re-examination of the record confirms that challenger did not satisfy his burden of proof. We have written in response to the petition in order to make clear that, in cases of this type, in the absence of an express stipulation that the prior marriage was valid, we will not extend the effect of a stipulation beyond the *facts* expressly stipulated. Refusing to read into the stipulation facts not conceded is wholly justified by *De Force,* the policy underlying it and the cases following it, as is determining for ourselves that challenger failed to make out his *prima facie* case. In *De Force,* the Supreme Court upheld the marriage because the challenger failed to plead the required elements, despite the fact that the first Oregon case to require proof of those elements (*Routledge v. Githens et al,* 118 Or 70, 245 P 1072 (1926)), had not been decided until after the trial below. Here challenger had the benefit of precedent dating from 1926, *see* 55 Or App at 986, which made quite clear the elements of his *prima facie* case and his heavy burden of proof.

Reconsideration allowed; former opinion adhered to.