## THE SUMMERSIDE BANK v. RAMSEY ET AL.

A foreign judgment, when sued on here, is subject to our statute of limitations, being barred by the lapse of six years.

---

This suit was on a judgment obtained by the plaintiff against the defendants in *assumpsit*, before the Supreme Court of the Province of Prince Edward's Island and Dominion of Canada. The defence set up in a plea that the demand was barred by the lapse of six years, under the statute of limitations of this state. This plea was demurred to.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Vail & Ward.*

For the defendant, *John W. Beekman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. That a *foreign* judgment is subject to the statute of limitations prevalent, by force of the *lex fori*, has been established by a consensus of judicial opinion. By force of the federal constitution, a judgment rendered in a state is as conclusive in the other states, with respect to the matters adjudged, as it is at the place of its rendition. Such decisions are, in all respects, true records, and in this quality are to be discriminated from the adjudications made by foreign courts. With respect to this latter class of judgments, Mr. Wood, in his treatise on *Limitation of Actions*, correctly says that they are to be reckoned as mere simple contract debts. And, to the like effect, Black, in his work on *Judgments*, section 850, observes, " that such judgments are not records; for, as they possess no higher character than simple contract debts, it is obvious that they must be barred by the same period of limitations, which is that of the *lex fori.*"

Many other cases to the like effect are cited in the brief of the counsel of the defendant; but it is not necessary further to expound the subject, as it is entirely at rest.

The defendant is entitled to judgment, &c.