ADELBERT O. BARBER

*v.* ·

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 24, 1903—Rehearing denied October 8, 1903.*

1. BIGAMY—*proof of celebration of marriage raises presumption of its validity.* Proof of the celebration of a marriage raises a rebuttable presumption of the existence of all other facts essential to the validity of the marriage.

2. SAME—*marriage of an intoxicated person is not void, but voidable.* Intoxication at the time of marriage, even though so great as to show incompetency to contract marriage, does not render the marriage void, but only voidable, and until set aside by a competent tribunal such marriage will support an indictment for bigamy in case of another marriage.

3. SAME—*accused cannot waive incompetency of wife as a witness.* The lawful wife of one accused of bigamy is not a competent witness against him and her incompetency cannot be waived by him.

4. SAME—*when second wife is a competent witness.* In a prosecution for bigamy, if the first marriage is established by competent evidence, the second wife is competent to testify to the second marriage; and if no objection is made to her testifying to the first marriage the admission of such testimony cannot be successfully urged as error on appeal.

5. SAME—*evidence of mental condition of accused should be confined to time of marriage.* In a prosecution for bigamy it is proper to refuse to allow a witness to answer the question whether she knew if the accused had delirium tremens during the week of his second marriage, since, to be proper at all, the question should have been limited to the time of the marriage.

6. APPEALS AND ERRORS—*admitting incompetent evidence will not necessarily reverse conviction.* The admission of incompetent testimony will not necessarily reverse a conviction if the competent evidence in the record clearly justified the verdict.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Adelbert O. Barber was tried for the crime of bigamy at the October term, 1902, of the criminal court of Cook county, upon an indictment charging that on the 18th day of February, 1896, at and within said county, he was lawfully married to Annie Zahora, and that afterwards,

on the 2d day of October, 1900, at and within said county, he unlawfully and feloniously married one Katherine H. Hurley, while his said wife was yet alive. He was found guilty by the jury and sentenced by the court to the penitentiary for an indeterminate period, and he has sued out this writ of error and urges the following grounds for a reversal: *First,* that the court refused to allow him to show that he was intoxicated at the time of his alleged marriage to Annie Zahora; *second,* that the court erred in permitting Annie Zahora to testify against him upon the trial as a witness for the State; *third,* that the court erred in permitting Katherine H. Hurley to testify against him upon the trial as a witness for the State; *fourth,* that the judge erred in making remarks prejudicial to him in the presence of the jury during the trial; *fifth,* that the court erred in refusing to instruct the jury, on his behalf, that if, at the time the alleged marriage ceremony between him and Annie Zahora was performed, by reason of his intoxication he did not have sufficient mental capacity to understand what he was doing and that he was then assuming the duties and obligations of the marital relation, such marriage was void, and the jury should find him not guilty.

JOHN F. GEETING, and ROBERT E. CANTWELL, for plaintiff in error:

Public policy prohibits either husband or wife from giving incriminating evidence against the other, except in case of personal violence or a proceeding to keep the peace. Neither of them can give testimony, either in a civil or a criminal case, which goes to criminate the other; and this rule is so inviolable that no consent will authorize a breach of it. 2 Kent's Com. sec. 179.

In a bigamy case it is reversible error for the wife of the defendant to testify, even though her testimony was subsequently stricken out by the trial court. *Hiler* v. *People,* 156 Ill. 611.

In a prosecution for bigamy the alleged second wife is not a competent witness if the alleged first marriage is still a point in controversy; and in no case is she competent to prove the alleged first marriage or to testify in relation thereto. *Lowery* v. *People*, 172 Ill. 466.

If, at the time of a marriage ceremony, one of the parties is mentally incapacitated the marriage is void, even though it be simply a delusion and they live as husband and wife until such person's death. *Orchardson* v. *Cofield*, 171 Ill. 14.

Evidence of intoxication is admissible to prove that the accused did not entertain the intent charged. *Crosby* v. *People*, 137 Ill. 325; *Roberts* v. *People*, 19 Mich. 401; *People* v. *Walker*, 38 id. 156; *Schwabacker* v. *People*, 165 Ill. 618; *Bartholomew* v. *People*, 104 id. 601; *Pigman* v. *State*, 14 Ohio, 555.

If the alleged unlawfulness of the act charged depends upon a prior act or occurrence, evidence of intoxication is admissible to prove that the accused, at such prior time, was not conscious of the occurrence or that he retained no accurate recollection of it. *Lyle* v. *State*, 19 S. W. Rep. 903; *Lytle* v. *State*, 31 Ohio St. 196; *People* v. *Harris*, 29 Cal. 678.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and GEORGE B. GILLESPIE, for the People:

Voluntary drunkenness is no excuse for crime, and when, without intoxication, the law would impute to the act a criminal intent, drunkenness is not available to disprove such intent. *Rafferty* v. *People*, 66 Ill. 119; *Collins* v. *People*, 194 id. 574; *Upstone* v. *People*, 109 id. 169; *Addison* v. *People*, 193 id. 409.

Evidence which has not been objected to cannot be assigned for error. *Bulliner* v. *People*, 95 Ill. 395; *Moeck* v. *People*, 100 id. 342.

Where incompetent evidence is offered against a defendant and no objection is made at the time of such

203—35

offer, the question of the competency of such evidence will not thereafter arise. *Gindrat* v. *People*, 138 Ill. 104.

If competent proof clearly justifies the verdict in a criminal case, the fact that incompetent testimony was admitted is not necessarily ground for reversal, if it appears that such testimony could not reasonably have affected the result. *Jennings* v. *People*, 189 Ill. 320.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

At the trial the State introduced in evidence a certified copy of a marriage certificate issued by the county clerk of Cook county authorizing a marriage to be celebrated between the plaintiff in error and Annie Zahora, with the return thereon of M. A. LaBuy, one of the justices of the peace of said county, that the marriage of the plaintiff in error and Annie Zahora had been celebrated before him; also called Thomas Barrett, who testified that he was present at the office of said justice of the peace at the request of the parties, and witnessed the celebration of the marriage of the plaintiff in error and Annie Zahora by said justice of the peace. When the celebration of a marriage is once shown, the contract of marriage, the capacity of the parties, and every other fact necessary to the validity of the marriage, will be presumed, but such presumption is not conclusive. (*Cartwright* v. *McGown*, 121 Ill. 388.) Intoxication at the time of entering into the marriage contract will not render the marriage void, but only voidable. (19 Am. & Eng. Ency. of Law,—2d ed.—p. 1164, and note.) A voidable marriage will support an indictment for bigamy. (4 Am. & Eng. Ency. of Law,—2d ed.—p. 38, and note.) "A void marriage is a mere nullity, and its validity may be impeached in any court, whether the question arise directly or collaterally and whether the parties be living or dead; but a voidable marriage is valid, for all civil purposes, until a competent tribunal has pronounced the sentence

of nullity, upon direct proceedings instituted for the purpose of setting the marriage aside." (Schouler on Domestic Relations,—2d ed.—p. 24.) The marriage between the plaintiff in error and Annie Zahora was not void, and if voidable, it was binding upon the parties thereto until it was set aside in a direct proceeding instituted for that purpose in a court of competent jurisdiction, and could not be attacked on the trial in the court below.

The plaintiff in error insisted upon the trial that Annie Zahora was not his lawful wife, on the ground that he was intoxicated at the time he married her. When she was called as a witness the State's attorney stated to the court that the State claimed the witness was the lawful wife of the plaintiff in error, and if there was objection to her testimony upon the ground that she was an incompetent witness he would not use her as a witness. No objection was made to her testifying, and the court permitted her to give evidence to the fact of her marriage to the plaintiff in error. She was not a competent witness, and her incompetency could not be waived. In *Creed* v. *People*, 81 Ill. 565, on page 568 it was said: "The exclusion of husband and wife from being witnesses for or against each other is not solely on the ground of interest. 'This exclusion is founded partly on the identity of their legal rights and interests and partly on principles of public policy, which lie at the basis of civil society.'" And in Kent's Commentaries (vol. 2,—12th ed.— p. 179,) it is said: "The husband and wife cannot be witnesses for or against each other in a civil suit. '* * * Nor can either of them be permitted to give any testimony, either in a civil or criminal case, which goes to criminate the other; and this rule is so inviolable that no consent will authorize the breach of it."

After testimony was introduced showing a lawful marriage between the plaintiff in error and Annie Zahora, the court, over his objection, permitted the State to call Katherine H. Hurley as a witness and allowed her to tes-

tify to facts tending to show the marriage of the plaintiff to Annie Zahora, as well as the second marriage. The plaintiff in error having a lawful wife at the time of his marriage to Katherine H. Hurley, his marriage to her was void, and after the first marriage was established by the introduction of the record evidence thereof and the testimony of the witness who was present at the time the marriage ceremony was performed, it was competent to permit her to testify to the second marriage, but she was not a competent witness by whom to establish the first marriage. In *Lowery* v. *People*, 172 Ill. 466, on page 471 the court say: "In *Miles* v. *United States*, 103 U. S. 304, it is said that it is only in cases where the first marriage is not controverted or has been duly established by other evidence that the second wife is allowed to testify; that she is never competent to prove the first marriage, for she cannot be admitted to prove a fact to the jury which must be established before she can testify at all, and that in cases where she can testify she may be a witness to the second marriage, but not to the first." When she was offered as a witness, objection was made that she was incompetent. As has been said, she was competent to establish the second marriage, the first marriage having been proven, and the objection to her competency was properly overruled. If objection had been made to her testifying to facts which tended to prove the first marriage, such objection should have been sustained; but as no such objection was made, the admission of her testimony cannot now successfully be assigned as error.

Complaint is also made that the court refused to admit evidence tending to show the plaintiff in error was affected with delirium tremens at the time of his marriage to Annie Zahora. No such testimony was offered. While Emily Barber, a sister of the plaintiff in error, was upon the witness stand, she was asked if she knew whether or not the plaintiff in error was affected with

delirium tremens during the week of his marriage to
Annie Zahora, which question the court declined to per-
mit her to answer.   The question was not limited to the
time of the marriage, but extended over the entire week
in which the marriage occurred.   To have been a proper
one in any view, it should have been limited to the con-
dition of the plaintiff in error at the time of the marriage,
as if he was rational at the time of the marriage it would
be a valid marriage, even though a few days prior or sub-
sequent thereto, and during the week of his marriage, he
was affected with delirium tremens.

When Katherine H. Hurley was first called as a wit-
ness the court declined to permit her to testify.   Sub-
sequently, and after the first marriage had been estab-
lished, she was re-called, when it was ruled that, there
having been evidence submitted to the jury which tended
to prove a marriage to Annie Zahora, the holding would
be that Katherine H. Hurley was a competent witness.
No bias was shown against the plaintiff in error in an-
nouncing this ruling, and no opinion was expressed by
the judge as to whether or not the first marriage had
been established.   The marriage to Annie Zahora having
been established by competent evidence, Katherine H.
Hurley was a competent witness to testify upon the sub-
ject of her marriage to the plaintiff in error, and the re-
marks of the court made at that time were not of such a
character as to require a reversal of the case.   We are
also of the opinion the remarks made by the court disap-
proving of the verdict of a jury rendered in another case,
in the presence of the jury trying this case, did not preju-
dice the minds of the jury against the plaintiff in error.

The court did not err in declining to instruct the jury
that if the plaintiff in error was so far under the influ-
ence of intoxicating liquors at the time the marriage
ceremony was performed between him and Annie Zahora
that he did not have sufficient mental capacity to under-
stand what he was doing and that he was assuming the

duties and obligations of the marital relation, his marriage to her was void and they should find him not guilty. Said instructions were based upon testimony which was incompetent and had been excluded. The law will not permit a party to a marriage contract to stultify himself by proving, when on trial for bigamy, that he was voluntarily intoxicated at the time of his first marriage, as a means of exculpating himself, by rendering void what would otherwise be a valid marriage.

The evidence in this case shows, without contradiction, the plaintiff in error and Annie Zahora went to the office of Justice LaBuy and were married. From the justice's office the parties repaired to a restaurant and had lunch. From there they went to the home of a sister of the plaintiff in error, where they announced their marriage and partook of refreshments. Although the court erred in admitting the testimony of Annie Zahora, as the first marriage was proven by evidence other than the evidence of said witness and the second marriage was admitted by the plaintiff in error's counsel in open court upon the trial, and the only defense interposed was that of voluntary intoxication of the plaintiff in error at the time of his marriage to Annie Zahora, we are fully convinced his conviction was proper and that the verdict and judgment should be sustained. If the competent testimony clearly justifies the verdict in a criminal case, the fact that incompetent testimony has been admitted will not cause a reversal if it clearly appears that such incompetent testimony could not have affected the result of the trial. *Jennings* v. *People,* 189 Ill. 320.

Finding no reversible error in this record the judgment of the criminal court of Cook county will be affirmed.       *Judgment affirmed.*