## PHILIP JAQUI v. FRANK BENJAMIN, EXECUTOR.

Submitted December 23, 1909—Decided September 1, 1910.

1. The law regulating remedies for the enforcement of contracts is that of the state where the remedies are pursued, not that of the state where the contract is made and is to be performed.
2. The statute of limitations affects the remedy merely, and hence, in an action on a promissory note executed and payable in a sister state, the limitation of the law of the forum controls.

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff, *Charles A. Reed.*

For the defendant, *Frank Benjamin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action on a promissory note. The defendant pleaded—first, the general issue, and second, that the plaintiff's action was barred, because not brought within the period required by the statute of limitations of this state. To the second plea the plaintiff replied that the note in suit was made and delivered in the State of Connecticut, and was payable in that jurisdiction; that the time fixed by the statute of limitations of that state within which suit upon a note made and delivered in that state, and payable in that state, was required to be instituted, had not expired when the present action was begun; and averred that the statute of Connecticut, and not that of this state, fixed the period within which the action might be brought. To this replication the defendant demurred.

The ground of demurrer is that the statute of limitations of this state, and not that of Connecticut, controls. The

contention of the defendant is well founded. The almost universal rule with relation to the remedies for enforcing contracts is that they are regulated by the law of the state where such remedies are pursued, and not by the law of the state where the contract was made and to be performed. It is equally well settled that a statute of limitations merely affects the remedy, and that, in suits brought upon contracts such as that involved in the present case, the period of limitation prescribed by the law of the forum controls. A citation of authorities upon this subject is unnecessary, for, as was said by this court in *Summerside Bank* v. *Ramsey, 26 Vroom* 383, it is entirely at rest in this state.

The defendant is entitled to judgment upon the demurrer.