Syllabus—Statement—Charge.

## STATE vs. OLIVER D. COLLINS.

1. HUSBAND AND WIFE—WIFE BEATING—STATUTE.

Under *Rev. Code*, 1915, § 4712, providing that whoever, being the husband of any woman, shall beat her, shall be guilty of a misdemeanor, the prosecuting witness and accused between whom a marriage has been solemnized and who had lived together as husband and wife, holding out as such, were "husband and wife" within the statute, though there was at the time of the alleged assault a pre-existing marriage between the accused and another woman.

2. MARRIAGE—PRESUMPTION—VALIDITY OF SUBSEQUENT MARRIAGE.

When a previous marriage is relied upon to avoid a subsequent marriage, there exists a presumption in favor of the validity of the subsequent marriage, and satisfactory proof of the previous marriage is required to overcome such presumption.

(*October* 6, 1916.)

BOYCE, J., sitting.

*Frank M. Jones*, Deputy Attorney General, for the State.

*Robert C. White* for the accused.

Court of General Sessions, Sussex County, October Term, 1916.

INDICTMENT FOR WIFE BEATING, No. 3, October Term, 1916.

Oliver D. Collins was indicted under *Section* 4712, *Rev. Code* 1915, for assaulting, striking and beating his wife. It was shown by the prosecutrix that she and the accused were joined together in the bonds of matrimony, prior to the assault, and that they thereafter lived and cohabited together as husband and wife, and were known as such to their relatives and friends. The accused denied the marriage, but acknowledged that he had admitted the marriage and also that he and the prosecuting witness lived together as husband and wife at the time of the alleged assault; but denied having made any assault upon her. He claimed that he was the lawful husband of another woman. Verdict guilty. Motion made for new trial. Denied.

BOYCE, J., charging the jury, in part:

[1]  *Section* 4712, *Rev. Code* 1915, provides, that:

"Whoever, being the husband of any woman, shall assault and strike or beat his wife, shall be guilty of a misdemeanor." * * *

The object of the statute is to prevent a man living with a woman, in the relation of husband and wife, and supposed to be his wife, from assaulting, striking and beating her.

Counsel for the accused has requested the court to instruct you to return a verdict of not guilty, for the reason, it is claimed, that the State has failed to establish the existence of a legal marriage between the accused and the prosecutrix; that a lawful, and not a common law marriage must be shown.

The court declines to instruct you to return a verdict of not guilty, but submits the case to you for your determination under the facts and law of the case.

If you find from the evidence that a marriage was solemnized between the accused and the prosecuting witness, and that they lived and cohabited together as husband and wife, holding themselves out, as such, to their relatives, friends and neighbors, then the court instructs you that they were and are husband and wife within the legislative intendment and purpose of the statute, though there was, at the time of the alleged assault, a pre-existing marriage between the accused and another woman.

If you find that the accused did enter into matrimonial relations with the prosecuting witness, and that he did assault, strike and beat her as charged in the indictment, then your verdict should be guilty; for whether he was, or was not, prior thereto married to another woman, or whether the latter marriage had been dissolved, is immaterial.

If, however, you find that the marriage relation did not exist between the parties here, or, if it did, that the alleged assault was not made, your verdict should be not guilty.

Verdict, guilty.

Counsel for the accused moved for a new trial, the reasons assigned therefor being based upon the charge of the court.

Argument on the motion was heard by Judges Boyce and Rice sitting.

Boyce, J.: [2] When a previous marriage is relied upon to avoid a subsequent marriage, there exists a presumption in favor of the validity of the latter; and satisfactory proof of the former marriage is required to overcome this presumption.

In this case the question of the alleged prior marriage between the accused and another woman was not submitted to the jury; but assuming the existence of the alleged former marriage, yet the subsequent marriage between the accused and the prosecuting witness, though unlawful, established the relation of husband and wife within the purview of the statute. The marriage solemnized in this case entitled the woman, and women like situated, to the protection afforded by the statute.

It is the opinion of the court, under the facts of the case, that a new trial should be denied, and that judgment of the court should follow the verdict.

The motion is denied.