MARIAN J. PRICE *v.* WILLIAM H. PRICE, JR.

(*January* 4, 1937.)

LAYTON, C. J., sitting.

*Marguerite Dugan Bodziak* for petitioner.

Superior Court for New Castle County, No. 84, November Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The presumption is that a person who has contracted a marriage was mentally capable of entering into the contract; and one who seeks to avoid the contract on the

ground of mental incapacity sustains the burden of proof. See note to *Dunphy v. Dunphy, Ann. Cas.* 1913 *B,* 1242.

Considerations of public policy forbid the annulment of consummated marriages, except upon the most convincing proof. *Cole v. Cole,* 5 *Sneed (Tenn.)* 57, 59, 70 *Am. Dec.* 275; *Kern v. Kern,* 51 *N. J. Eq.* 574, 582, 26 *A.* 837. There is no evidence that the marriage here sought to be annulled was not consummated.

In *Elzey v. Elzey,* 1 *Houst.* 308, a divorce was sought on the statutory ground of insanity. The evidence offered, upon one aspect of the case, was that the petitioner was intoxicated, knowingly made so by those who were interested in having the marriage ceremony performed. It was there said that it would be dangerous, as well as difficult, to prescribe the precise degree of mental vigor, soundness and capacity essential to the validity of a marriage engagement; and, while the Court refused to recognize drunkenness as the kind of madness contemplated by the statute, and in connection therewith declined to consider evidence of fraudulent design and circumvention attending the petitioner's condition of intoxication, yet it would seem that the rule was recognized, that if a party to a marriage is, at the time of its solemnization, in such a state of intoxication as to be deprived of reason and rendered unable to understand or assent to the contract, there is that want of mental capacity essential to render the marriage valid. 9 *R. C. L.* 291; *Prine v. Prine,* 36 *Fla.* 676, 18 *So.* 781, 34 *L. R. A.* 87; *Gillett v. Gillett,* 78 *Mich.* 184, 43 *N. W.* 1101; *Barber v. People,* 203 *Ill.* 543, 68 *N. E.* 93.

The evidence offered by the petitioner is wholly unsatisfactory. So much of it as would tend to prove an inability to understand and assent to the marriage contract comes from the petitioner herself; but the reasonable inference to be drawn from the testimony of the one witness offered in support of her testimony is quite to the contrary.

A marriage ought not to be annulled for want of mental capacity upon such evidence. The rule recognized in the *Elzey Case,* and supported by the authorities generally, is based upon clear considerations of public policy, and should be adhered to. Decree refused.