ANTOINETTE G. BABIS v. MICHAEL J. BABIS, also known as GEORGE ADAMS.

(*September* 20, 1950.)

WOLCOTT, J., sitting.

*Thomas H. Wingate* for the petitioner.

Superior Court for New Castle County, No. 372, Civil Action, 1950.

WOLCOTT, J.

On December 30, 1949, the petitioner was married to the defendant at Elkton, Maryland, and now seeks an annulment of that marriage under Section 3497, R. C. 1935, which provides in part as follows:

"A marriage may be annulled for any of the following causes existing at the time of the marriage:

\* \* \* \* \* \*

"(d) Fraud, force or coercion, at the suit of the innocent and injured party, unless the marriage has been confirmed by the acts of the injured party."

The defendant is a citizen of the Country of Albania and was formerly a seaman whose ship put into the port of Philadelphia. He deserted his ship and remained in this country after it had sailed. Some time later, the defendant met the plaintiff and in course of time asked her to marry him, leading her to believe that he loved her.

The plaintiff and her family, as well as the defendant, are members of the Greek Orthodox Church, and it was agreed that the plaintiff and defendant would be married in the ceremonies and rituals of that Church. However, since the defendant is an alien, in order to facilitate his entry into the United States, he suggested that they go through a marriage ceremony in Elkton, Maryland, agreeing that they would not live together as husband and wife until the performance of the Greek Orthodox Ceremony. The evidence is conclusive that this was done. The plaintiff was accompanied by her mother to Elkton and returned home with

her. At no time since the ceremony in Elkton, Maryland have the plaintiff and the defendant been alone together. I am satisfied from the proof that the Elkton marriage was never consummated.

Subsequent to the ceremony in Elkton, Maryland, the defendant continually put off the marriage under the rituals of the Greek Church and, in April, 1950, disappeared. His present whereabouts are unknown.

Under the foregoing circumstances, the plaintiff argues that she, acting throughout in good faith, was induced to go through the marriage ceremony in Elkton, Maryland by reason of false and fraudulent misrepresentations of the defendant to the effect that he loved her and wanted to enter into a permanent marriage relationship with her. She alleges, and the facts compel the inference, that the sole motivation of the defendant in asking the plaintiff to marry him was to obtain for himself a preferential entry into the United States as the husband of one of its citizens.

This court has held that a marriage may be annulled on the ground of fraud under Section 3497, R. C. 1935, when the fraud is such as to go to the very essence of the marriage contract. *Williams v. Williams,* 2 *W. W. Harr.* 39, 118 *A.* 638; *Doe* v. *Doe,* 5 *W. W. Harr.* 301, 165 *A.* 156.

It appears in the instant case that the marriage ceremony performed in Elkton, Maryland would not have been performed had it not been for the representations and promises made to the plaintiff by the defendant. It further appears that these promises and representations were in fact fraudulent and made with the purpose of inducing the plaintiff to go through with the marriage ceremony. The purpose of the defendant was entirely foreign to the permanent establishment of a marital relationship with the plaintiff. It seems obvious, therefore, that the defendant's

fraud does in fact go to the very essence of the marriage contract. Cf. *Miodownik* v. *Miodownik*, 259 *App. Div.* 851, 19 *N. Y. S.* 2d 175, and *Aufiero* v. *Aufiero*, 222 *App. Div.* 479, 226 *N. Y. S.* 611.

A decree for annulment will be entered.