Matthias, J.
The decision of the question presented in this case requires a discussion of the construction and application of Section 11979, General-Code, and related statutory provisions.
Section 11979, General Code, provides as follows:
“Courts of Common Pleas may grant divorces for the following causes:
“1. That either party had a husband or wife living at the time of the marriage from which.the divorce is' sought;
( Í * S»
“6. Fraudulent contract * *
Subsequent sections of the same chapter of the Code on divorce and alimony Contain the necessary procedural provisions relating- to allowance of alimony and the support-and custody of the children of the parties.
Sections 11990-and 11991, General Code,- providing for alimony are as follows:
*427 Section 11990. “When a divorce is granted because of the husband’s aggression, the court shall, if the wife so desires, restore to her any name she had before such marriage, and allow such alimony out of her husband’s property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce.”
Seetipn 11991. “Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or instalments, as the court deems equitable.”
Section 11979, General Code, is not of recent origin. It was first enacted March 11,1853, and the first cause for divorce as now appearing in Section 11979, General Code, was a part of the original enactment. That provision was discussed in the case of Smith v. Smith, 5 Ohio St., 32, and the court there observed that the statute permits the parties to have the question of whether there was a prior marriage judicially investigated and determined. It was there stated by Swan, J., that “another object of this provision was, probably, to give alimony to the second wife of a man who hacl a former wife living.”
The case of VanValley v. VanValley, 19 Ohio St., 588, was before the court on motion for leave to file a petition in error to reverse a judgment of a district court affirming the judgment of the Court of Common Pleas. In overruling such motion the court held that “where a decree of divorce is granted on the petition of a woman, on the ground that the defendant had another wife living at the time of the marriage annulled by the decree, it is competent under the provisions of our statute for the court in such proceeding to also decree reasonable alimony to the petitioner.”
The effect of that holding is that, under the provisions of the statute authorizing a divorce on the *428 ground that either party had at the time of the marriage a husband or wife living, there is granted the right to the relief provided in the supplemental statutory provisions. In the annulment of the marriage contract the court instead of considering the plaintiff’s case for divorce under the statutory provisions authorizing the same deprives the plaintiff of any consideration of her claim for alimony to which she may be found to be entitled under the statute. The General Assembly specified certain grounds upon which a decree of divorce may be predicated, among them the particular ground involved in this case. It is to be observed that “fraudulent contract” is another ground specified as a ground for divorce, and that also goes to the validity of the marriage.
It is our view, therefore, that Section 11979, General Code, authorizing the granting of a divorce where “either party had a husband or wife living at the time of the marriage from which the divorce is sought, ” provides an exclusive remedy in cases involving that situation, and that in such proceeding the court is authorized to adjudicate the issue of relief incident, to the granting of a divorce.
It is argued that, the defendant not being in fact and law the husband of the plaintiff, no award of alimony is authorized by the statute. Such view would apply a very narrow and technical definition of the word, “husband.”
The rule adopted by the Court of General Sessions of Delaware in the case of State v. Collins, 99 A., 87, seems more appropriate. In that case the court construed a criminal statute which provided that “whoever, being the husband of any woman, shall assault and strike or beat his wife, shall be guilty of a misdemeanor.”
It was argued in that case that because the husband, at the time of his marriage to the complainant, had a *429 wife living there was no legal marriage of the accused and the complainant and that, therefore, he was entitled to an acquittal. The court held that “assuming the existence of the alleged former marriage, yet the subsequent marriage between the accused and the prosecuting witness though unlawful established the relation of husband and wife within the purview of the statute. The marriage solemnized in this case entitled the woman, and women like situated, to the protection afforded by the statute.”
The case of Waymire, Gdn., v. Jetmore, 22 Ohio St., 271, is cited as an authority for the institution of an action for annulment and as a basis for equitable relief. However that was an action brought to annul a marriage contract of one affected with congenital imbecility rendering him incapable of consent, and it was upon that ground that the marriage was held to be void ab initio and accordingly annulled.
It is to be particularly noted that that case did not involve any ground for divorce enumerated in the statute. Causes dealing with situations not covered by the statute clearly come within the jurisdiction of a court of equity.
The abandonment and dismissal of the cause of action seeking a divorce decree under and by virtue of the provisions of Section 11979, General Code, was before “its final submission * * * to the court.” See Nelson on Divorce and Annulment, 109, Section 27.08; 2 Ohio Jurisprudence, 201, Section 105; and 14 Ohio Jurisprudence, 327, Section 12.
For the reasons above stated the judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Hart, JJ., concur.