T. FLETCHER WILLIAMSON, Plaintiff, v. ELSIE LEE CORRELL WILLIAMSON, Defendant.

(*January* 5, 1954.)

HERRMANN, J., sitting.

*Daniel J. Layton, Jr.,* for the plaintiff.

*Everett F. Warrington* for the defendant.

Superior Court for Sussex County, No. 219, Civil Action, 1953.

HERRMANN, J.:

The plaintiff seeks annulment of his marriage to the defendant on the ground that she had a husband living at the time the marriage was contracted. See 13 *Del. C.* § 1551.

At the trial of the case, the plaintiff proved a ceremonial marriage between the parties on March 19, 1946, in Miami, Florida. He then offered in evidence a final decree of divorce,

granted on July 3, 1946 by the Circuit Court of Manatee County, Florida, by which Theodore William Correll, as plaintiff, was divorced from Elsie W. Correll. It is admitted that the defendant here was the defendant in the Florida action. The plaintiff offered no other evidence in support of the ground of his petition, contending that it is manifest from the face of the Florida divorce decree that the defendant had a husband living on March 19, 1946 when she married the plaintiff. The defendant contends that the plaintiff has failed to sustain the burden of proof imposed upon him in a case of this kind.

The Florida decree contained the following:

"This cause coming on to be heard on this day upon the Plaintiff's Bill of Complaint, the decree *pro confesso* which has been duly and regularly entered against the Defendant, and it appearing to the court and the court finding from the said Bill of Complaint and decree *pro confesso* that it has jurisdiction of the subject matter of and parties to this cause, that the relation of husband and wife now exists between the parties hereto, and that the defendant is guilty of willful, obstinate, and continued desertion of the plaintiff for a period of more than one year prior to the filing of the Bill of Complaint herein, and the court being advised in the premises, it is upon consideration,

"Ordered, adjudged and decreed that the marriage between the plaintiff, Theodore William Correll and Elsie W. Correll be and the same hereby is dissolved, and the said parties and each of them are hereby forever freed from the obligations arising therefrom."

The plaintiff contends that the finding of the Florida Court, as to the husband-wife relationship of the parties to the Florida action, is not only proof adequate to support the petition here, but, further, is proof binding upon this Court by virtue of 13 *Del. C.* § 1511.[1] I am unable to agree.

---

[1] This Statute provides:

"Full faith and credit shall be given in all the courts of this State to a decree of annulment of marriage or divorce by a court of competent jurisdic-

██ Delaware public policy forbids the annulment of a consummated[2] marriage except upon the most convincing proof. *Anonymous v. Anonymous, 7 Terry* 458, 85 *A.* 2d 706. The law indulges a presumption in favor of the validity of an existing marriage when it is attacked upon the basis of a prior subsisting marriage. *State v. Collins, 6 Boyce* 260, 99 *A.* 87. The presumption of the validity of an existing marriage is the strongest of the several presumptions applicable in annulment actions. 3 *Nelson, Divorce and Annulment,* § 31.61. The strength of this presumption, and the special weight generally accorded to it in a case of this kind, is demonstrated by the oft-quoted statement of the Supreme Court of Idaho in *Smith v. Smith,* 32 *Idaho* 478, 185 *P.* 67, 69:

"The authorities all agree upon the following broadly stated rule: Where it is sought to invalidate a present existing marriage on the ground that one of the parties thereto was incapable of consummating a lawful marriage by reason of a former subsisting marriage, the proof of the latter, the burden of showing which is upon the party attacking the validity of the former, must be clear, convincing, and satisfactory. Or, in other words, an existing marriage being shown, the presumption of its validity is so strong that proof of a former subsisting marriage in order to be sufficient to overcome this presumption, must be so cogent and conclusive as to fairly preclude any other result." See also 1 *Bishop on Marriage, Divorce and Separation,* § 956.

██ In the instant case, in order to overcome the presumption of the legality of his marriage to the defendant, the plaintiff has the burden of proving, by clear and conclusive evidence, the validity of the alleged prior marriage of the defendant and that it subsisted at the time when the plaintiff's marriage to the

---

tion in another State, territory, or possession of the United States. Nothing herein contained shall be construed to limit the power of any court of this State to give such effect to a decree of annulment or divorce by a court of a foreign country as may be justified by the rules of international comity."

[2]In this case, the parties cohabited for about seven years and there was a child of the union.

defendant was contracted. See *Schaffer v. Krestovnikow*, 88 *N. J. Eq.* 192, 102 *A.* 246. This burden of proof includes the burden of proving conclusively that the defendant and Correll were free from disabilities and eligible to contract a legal marriage. *Routledge v. Githens*, 118 *Or.* 70, 245 *P.* 1072, 45 *A. L. R.* 922; *Sparks v. Ross*, 72 *N. J. Eq.* 762, 65 *A.* 977. The proof in this case falls far short of that standard.

I am of the opinion that the Florida divorce decree, the only evidence offered to establish the prior marriage of the defendant, is not sufficiently conclusive to overcome the potent presumption of the validity of the existing marriage between the plaintiff and the defendant. A decree of divorce does not conclusively establish the validity of the marriage which it purports to dissolve. It is apparent that the Florida action was undefended and that the decree of divorce was taken by default. The issue of the validity of a marriage between Correll and this defendant was not litigated and determined in the Florida action. The plaintiff may not rely upon the doctrine of *res judicata* nor may he claim estoppel. *Routledge v. Githens, supra.* Adopting the rule generally prevailing in the United States, it is held that the Florida divorce decree does not conclusively establish that a valid marriage existed between Correll and this defendant. See *Chirelstein v. Chirelstein*, 12 *N. J. Super.* 468, 79 *A.* 2d 884, 890; *Williams v. Williams*, 63 *Wis.* 58, 23 *N. W.* 110; *Smith v. Foto*, 285 *Mich.* 361, 280 *N. W.* 790, 120 *A. L. R.* 801; *Ex parte Soucek*, 7 *Cir.*, 101 *F.* 2d 405; *Oborn v. State*, 143 *Wis.* 249, 126 *N. W.* 737, 31 *L. R. A., N. S.*, 966.

I find no merit in the plaintiff's contention that, by reason of the full faith and credit provisions of 13 *Del. C.* § 1511, this Court is bound by the finding of the Florida Court as to the husband-wife relationship between the parties to the Florida action. The validity of the Florida divorce decree is not under attack here. There is presented here only the question of the conclusiveness of a finding recited in the decree relating to an issue which was not tried or determined by the Florida Court. Since that Court did not adjudicate the issue of the validity of

a marriage between Correll and this defendant, it is obvious that the divorce decree is not deprived of full faith and credit by a declination to accept it as conclusive as to that issue.

Accordingly, it is held that the plaintiff has failed to prove, by the requisite quantum of proof, a valid marriage between the defendant and Correll and that, therefore, the plaintiff has failed to prove that the defendant had a husband living at the time of her marriage to the plaintiff.

A decree of annulment will be denied.