T. FLETCHER WILLIAMSON, Plaintiff, v. ELSIE LEE CORRELL WIL-
LIAMSON, Defendant.

(*April* 22, 1954.)

HERRMANN, J., sitting.

*Daniel J. Layton, Jr.*, for the plaintiff.

*Everett F. Warrington* for the defendant.

Superior Court for Sussex County, No. 219, Civil Action,
1953.

HERRMANN, J.:

The plaintiff seeks annulment of his marriage to the defendant on the ground that she had a husband living at the time the marriage was contracted.

By a prior decision of this Court,[1] it was held that the plaintiff failed to sustain his burden of proving the defendant's prior marriage by the requisite quantum of proof. Upon application duly made, leave was granted to the plaintiff to introduce further evidence as to that issue.

From the evidence subsequently adduced, it appears that the defendant cohabited with one Correll for a number of years, first in North Carolina and later in Florida. There was no ceremonial marriage and, since North Carolina did not recognize common-law marriages, the relationship was unquestionably mereticious in that State. Later, Correll's work required him to move to Florida and the defendant and Correll cohabited there for a number of years, holding themselves out as man and wife. Three children were born to Correll and the defendant, two in North Carolina and one in Florida.

The plaintiff contends that, since common-law marriages are recognized in Florida, evidence of cohabitation and reputation in that State for several years is sufficient to establish a common-law marriage between the defendant and Correll. The defendant, on the other hand, denies a common-law marriage with Correll and she asserts that there never was an agreement or contract of marriage between Correll and herself such as is necessary to create a common-law marriage.

██ An essential element of a common-law marriage is an agreement between the parties *per verba de praesenti* to be husband and wife. While evidence of cohabitation and repute may give rise to an inference or a presumption of a marriage contract, cohabitation and repute alone do not constitute a

---

[1]See *Williamson v. Williamson, Del. Super.*, 101 *A.* 2d 871.

common-law marriage. See 35 *Am. Jur.* "Marriage" § 28, *et seq.* and § 200. It has been aptly said that *"Consensus non concubitus facit matrimonium"*. See *In re Hulett's Estate*, 66 *Minn.* 327, 69 *N. W.* 31, 34, 34 *L. R. A.* 384.

In the instant case, the plaintiff, being unable to offer evidence of a marriage contract between Correll and the defendant, is obliged to rely upon the inference or presumption of a common-law marriage which sometimes is found to arise from proof of cohabitation and reputation. It is held that such proof is not sufficient to overcome the stronger presumption of the validity of the existing ceremonial marriage between the parties to this action.

As was stated in the prior decision in this case, the plaintiff has the burden of proving a prior valid marriage of the defendant by evidence so clear, cogent and conclusive as to fairly preclude any other result. The relationship between Correll and the defendant was meretricious in its inception and there is no evidence to overcome the presumption that the relationship continued to be meretricious. See 35 *Am. Jur.* "Marriage" §§ 203, 230. In my opinion, evidence of cohabitation and reputation, illicit when commenced in North Carolina, does not constitute conclusive evidence of a common-law marriage simply because the cohabitation and repute were continued, for economic reasons, in a State which happened to recognize such marriages.

The case presents conflicting presumptions. It seems to be generally established that the presumption of the validity of a subsequent marriage will neutralize the presumption of the existence of a former marriage arising out of cohabitation and repute. See 34 *A. L. R.* 464, 483, *et seq.*

Accordingly, it is again held that the plaintiff's proof fails to overcome the presumption of the validity of the existing marriage between the parties to this action.

A decree of annulment will be denied.