**Blanche WHARTON, Defendant Below, Appellant,**

v.

**Thomas WHARTON, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Jan. 30, 1967.

court. The review of that inference is the main function of this court in this appeal. See Jacobs v. Jacobs, 2 Storey 174, 154 A.2d 676 (1959). Accordingly, we will not disturb the trial court's finding of adultery.

The trial court did not err in ruling that the preponderance of the evidence is the quantum of proof necessary to support a finding of adultery in a divorce case. Compare Lecates v. Lecates, Del., 190 A. 294 (1937).

No circumstantial evidence rule is applicable in this case; and the authorities dealing with circumstantial evidence, cited by the defendant, are inapposite. This case was decided upon the basis of direct evidence from which the trial court correctly drew the inference of adultery.

The *Jacobs* case, upon which the defendant places principal reliance, is not controlling because of the factual differences.

The judgment below is affirmed.

Victor F. Battaglia, of Theisen & Lank, Wilmington, for defendant below, appellant.

Thomas G. Hughes, of Berl, Potter & Anderson, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

Upon careful review of the record of this case, we have concluded that there is sufficient evidence to support the trial court's findings of fact, and that the most reasonable inference to be drawn from those facts is that the defendant committed an act of adultery as found by the trial