**HUSBAND, Plaintiff,**

**v.**

**WIFE, Defendant.**

Superior Court of Delaware.

New Castle.

Sept. 17, 1969.

Frederick Knecht, Jr., Wilmington, for plaintiff.

QUILLEN, Judge.

The petition of the husband alleges that he was married in February, 1968, in Reno, Nevada and that that marriage was procured by fraud. Specifically, the husband claims that "he was the innocent and injured party in that he did not know prior to the marriage ceremony but learned subsequently that [the defendant wife] was a narcotics addict and had been convicted of narcotics charges by the Municipal Court for the San Leandro-Hayward Judicial District, County of Alameda, State of California on July 27, 1967."[1]

The husband has been for a short time, less than two years, a resident of the State of Delaware. He brings this action under the jurisdiction of our general annulment statute which provides that jurisdiction may be acquired when either party is a bona fide resident of the State of Delaware at the time of the commencement of the action. 13 Del.C. § 1552. Pursuant to the 1953 amendment of that section, the plaintiff obtained jurisdiction by publication as provided in the divorce law, § 1526 of Title 13. The attempt to serve the defendant by registered mail without the State of Delaware resulted in the registered letter being unclaimed. There is thus no evidence that the defendant has notice of these proceedings.

The evidence presented by the plaintiff shows the following facts. The plaintiff knew the defendant for about six weeks prior to the marriage, having dated the de-

---

1. Thus, the petition is brought under 13 Del.C. § 1551(4) which provides that "a marriage *may* be annulled for any of the following causes existing at the time of the marriage—

"(4) Fraud * * * at the suit of the innocent and injured party, unless the marriage has been confirmed by the acts of the injured party; * * *"

There also exists a second statute, 13 Del.C. § 101(b) (5) which reads as follows:

"A marriage is prohibited and is void from the time its nullity is declared by a court of competent jurisdiction at the instance of the innocent party, if either party, thereto is—

"(5) A confirmed user of a narcotic drug; * * *"

This second statute is akin to the fraud ground of the general annulment statute and, in effect, sets for a more specific, but lesser degree, ground for annulment. See Saunders v. Saunders, 10 Terry 515, 120 A.2d 160 (Super.Ct.1956).

No reference has been made to the second and more specific statute. While the second statute is silent as to the form of action to be made out of by the injured party, it has been held that annulment is the proper remedy. Doe v. Doe, 5 W.W.Harr. 301, 165 A. 156 (Super.Ct.1933); Saunders v. Saunders, *supra*. I assume the second statute was not relied upon here because the petitioner felt the service by publication provision in the general annulment statute was not available under 13 Del.C. § 101. In any event, the lesser degree statute is not relied upon and has not been considered.

fendant about ten times. The parties were married on February 19, 1968 in Nevada, lived together in California for about three months, and were separated in May of 1968. During the period of the marital cohabitation the plaintiff was away from home on occupational reasons for about one month. Plaintiff testified that he knew nothing about his wife's use of drugs until about two weeks after the marriage, when he found a hypodermic needle and confronted his wife with it. The wife admitted her use of drugs at that time. Thereafter, the wife was repeatedly, but not consistently, incapacitated by the use of drugs. During these periods, she could not perform her normal wifely chores. When not so incapacitated, the wife was evidently a fine companion. The plaintiff gave a speculative lay opinion that the drug used by the wife was known as "speedball" and contained heroin. The plaintiff attempted to get his wife to stop using drugs and to seek help and, when she refused, he left California and moved to Delaware.

The plaintiff also presented evidence that the wife had, prior to the marriage, on September 12, 1967, pleaded guilty to a violation of § 11555 of the Health and Safety Code of the State of California. That Section reads as follows:

> "It is unlawful to possess an opium pipe or any device, contrivance, instrument or paraphernalia used for unlawfully injecting or smoking a narcotic."

Except for the general admission of the wife of drug use, as testified to by the husband, this conviction is the sole evidence of the wife's premarital involvement with drugs.

The sole corroboration in the case consisted of the testimony of two relatives of the plaintiff, who, on a visit to California, each witnessed the wife apparently under the influence of drugs and, who testified that, as to their knowledge, the plaintiff did not know prior to the marriage that the wife was a drug user.

The evidence does not establish that the wife was an addict. The evidence does not establish any premarital misrepresentations by the wife to the husband. The evidence does not establish with reasonable probability the precise nature of the drug used by the wife. The evidence is somewhat vague as to the number of instances of incapacity. There was no medical or expert evidence of any kind. In short, the evidence to support the fraud consists of post marital admissions by the wife and repeated instances of use of drugs plus a premarital conviction of a drug related offense.

■ Under Delaware law, marriage is a status having a special and unique sanctity in the eyes of the law. Anonymous v. Anonymous, 7 Terry 458, 85 A.2d 706 (Super.Ct.1951). See also Wilmington Trust Company v. Hahn, 241 A.2d 517 (Sup.Ct. 1968); Cohen v. Cohen, 3 Boyce 361, 84 A. 122 (Super.Ct.1912). It has been held that the Delaware statute on annulments must be strictly construed. Warren v. Warren, 4 Terry 399, 47 A.2d 795 (Super. Ct.1946). Consummated marriages are not lightly set aside. Saunders v. Saunders, *supra.* Delaware public policy forbids the annulment of a consummated marriage except on the most convincing proof. Price v. Price, 8 W.W.Harr. 172, 190 A. 104 (Super.Ct.1937).[2] Indeed, it has been said

2. I do not interpret this comment as altering the normal civil burden of proof, but rather as recognizing that factual issues in annulment cases, such as mental capacity and fraud, require concrete and specific factual findings. When dealing with such specific concepts, care must be taken that a finding is not lightly inferred, but clearly demonstrated by the evidence. It is the nature of the issue that calls for convincing proof. Fraud is simply difficult to prove. This difficulty does not change the civil standard of the burden of proof. It merely emphasizes where the burden lies. Cf. Wharton v. Wharton, 226 A.2d 824 (Sup.Ct.1967); Lecates v. Lecates, 8 W.W.Harr. 190 A. 294 (Sup.Ct.1937). But see Williamson v. Williamson, 9 Terry 277, 101 A.2d 871 (Super.Ct.1954).

that, compared with New York, our law on the subject of annulment of marriage is ultraconservative. Anonymous v. Anonymous, *supra*. Thus, our public policy is clear.

■ Turning specifically to the fraud ground, the Delaware law is equally strict. Delaware adheres to the orthodox rule that only such fraud as goes to the very essentials of the marriage relation will suffice as ground for annulment. Williams v. Williams, 2 W.W.Harr. 39, 118 A. 638 (Super. Ct.1922). Under our law, concealments and misrepresentations as to personal traits and moral character do not amount to fraud which can annul a marriage. Anonymous v. Anonymous, *supra*. Misrepresentations of social and financial positions are insufficient. Williams v. Williams, *supra*. A false claim of premarital chastity is not sufficient. DuPont v. DuPont, 8 Terry 231, 90 A.2d 468 (Sup.Ct.1952); Morris v. Morris, 1 Terry 480, 13 A.2d 603 (Super.Ct. 1940). Nor do false concealments and misrepresentations as to source of funds. Anonymous v. Anonymous, *supra*. The same is true of false vows of love and affection. Anonymous v. Anonymous, *supra*.

Annulments have been granted where there has been concealment of venereal disease. [Doe v. Doe, 5 W.W.Harr. 301, 165 A. 156 (Super.Ct.1933)], where the wife concealed pregnancy by a stranger at the time of the marriage. (Morris v. Morris, *supra*), and when a husband, who married to enter the Country, deserted his wife without consummation of the marriage [Babis v. Babis, 6 Terry 496, 75 A.2d 580 (Super.Ct.1950)]. These cases demonstrate the requirement that the fraud must go to the very essentials of the marriage contract.

■ In this case, the evidence at best shows that the wife concealed a misdemeanor conviction and her periodic disabling use of drugs. I do not feel the evidence establishes fraud which goes to the very essentials of the marriage relationship as required by our case law construction of the general annulment statute. This Court has pointed out that persons desiring to marry have a burden to make such investigation of the prior lives of their prospective spouses as they deem fit. Morris v. Morris, *supra*.

Seventeen years ago, our Supreme Court said of the fraud ground for annulment: "If the rule laid down by these cases is considered to be harsh and outmoded, its change must be urged upon the General Assembly." DuPont v. DuPont, *supra*. The general annulment statute remains unchanged and so does the sound public policy established by the Delaware Courts.

The petition for a final and absolute decree of annulment on the ground of fraud, pursuant to 13 Del.C. § 1551(4) is denied. It is so ordered.